Okey, J".
We are unwilling to disturb the judgment on the ground that the verdict was not supported by sufficient proof. The rule upon the subject is correctly stated in McGatrick v. Wason, 4 Ohio St. 566. Nor do we find there was such abuse of discretion with respect to the order in which the proof was received, as requires a reversal. The only questions which call for consideration in this opinion, are with respect to the refusals to instruct the jury as requested and the instructions given.
The specifications required the materials to be furnished and the work done “ to the satisfaction and acceptance of the architect.” To this Scott orally assented, and lie assented in the same way to the guaranty, in which it is agreed that all the stone should “ be subject to the inspection of W, Blythe, architect of the building.” In the request for instructions in relation to such acceptance, we think the law was not stated too favorably for the defendant below; and if such acceptance had not been dispensed with, the charge should have been given. According to some authorities, the law is more favorable to him. Wliart. Cont. § 594; cf. Goldsmith v. Hand, 26 Ohio St. 101. But hero Blythe was in the employ of Otis; he was Otis’ agent; and consequently an acceptance by Otis, the owner of the building, would dispense with the necessity of any acceptance by Blythe. We hold that if it be true that Blythe did not accept and approve the work and materials, Otis dispensed with such action oil his part by his letter to Scott, in which he virtually accepted the work, reserving only his objection to the quality of the stone. Mehurin v. Stone, 37 Ohio St. 49, is not to be regarded as in conflict with the view we take of this case.
Formerly there could be no recovery on a contract like this, *11 unless tbe agreement was strictly performed. But the rigid rule upon this subject has been relaxed, and now where the builder acts in good faith there may be such recovery, although there may not have been literal performance. Goldsmith v. Hand, supra; Mehurin v. Stone, supra. What is essential and indispensable to a recovery is substantial compliance with the agreement. This is not a suit on a quantum meruit, but an action on the contract. No evidence was offered as to the value of the work or materials, but evidence was offered as to damages that may have been sustained by the failure to strictly comply with the agreement. The action is properly prosecuted on the contract, and the measure of recovery is the sum stipulated in the agreement, less the damages sustained by a failure to strictly perform. Nolan v. Whitney, 88 N. Y. 648. As already stated, the evidence is in conflict with respect to the quality of the stone. Moreover, the stipulation that the stone should be “ free from iron and all spots and discoloration,” must be construed in view of the uses to which the ,material was to be appropriated. Perhaps no lot of stone of the kind referred to is so perfect as to be wholly free from iron and spots. The rule in contracts of this sort is stated in Cullen v. Bimm, 37 Ohio St. 236. Besides, the jury deducted $55 from the sum for which a verdict should have been rendered in case of strict performance, and we may fairly say that this was because of iron or spots in the stone. We are by no means clear that injustice has been done in the verdict rendered.
Our conclusion is, that the learned judge who presided at the trial, was mistaken in some respects as to the law applicable to the case, but that, under the circumstances, his action was not so far prejudicial as to afford ground of reversal.

Judgment affirmed.