### GIBBONS *et al.* v. RUSSELL.

*(City Court of Brooklyn, General Term.* March 23, 1891.)

**1. ACTION ON BUILDING CONTRACT—ARCHITECT'S CERTIFICATE.**

A building contract provided that the work was to be done to the satisfaction of the architect, to be shown by his certificate. In an action for a balance due thereon one of the plaintiffs testified that the work had been completed, and that when he applied to the architect for a certificate, the latter made no complaint about the work, but referred to some damage from water, and said defendant was "a little cranky," and that he did not like to give a certificate until defendant was satisfied; that defendant ought to settle, etc. *Held*, that it was proper to submit to the jury the question whether the certificate was unreasonably withheld.

**2. SAME—QUESTION FOR JURY.**

The question whether a building contract was substantially performed, where the evidence is contradictory, is peculiarly one for a jury, and motions to dismiss and for the direction of a verdict are properly denied.

**3. SAME—REVIEW ON APPEAL.**
    A verdict for plaintiffs on contradictory evidence on such an issue should not be reversed on appeal, especially where it appears, from a reduction of plaintiffs' claim by the verdict, that the jury considered the evidence on the part of defendant.

**4. SAME—EVIDENCE.**
    In an action for a balance claimed under a building contract defendant testified that the work was improperly done, causing him damage, and was not finished, as required by the contract. *Held*, that a question to him whether he did any work, or attempted to have anything done that was not a remedying of "the defects and injuries" he had testified to, was properly excluded, as calling for a conclusion.

Appeal from trial term.

Action by Michael Gibbons and another against Thomas Russell for a balance claimed to be due on a building contract, and for extra work. Defendant set up a counter-claim for damages from the negligent conduct of the work by plaintiffs, and testified that the work was improperly and negligently done, and that, in several particulars, it was not finished as required by the contract and specifications. A further question to him, "Did you make any work, or attempt to have anything done, that was not a remedying of the defects and injuries that you have testified to?" was objected to by plaintiffs, and excluded by the court, as calling for the witness' conclusion, and defendant excepted. The jury found a verdict for plaintiffs. Defendant appeals from the judgment for plaintiffs entered thereon, and from an order denying his motion for a new trial.

Argued before CLEMENT, C. J., and OSBORNE, J.

*Theodore F. Miller,* for appellant. *George W. Pearsall,* for respondents.

OSBORNE, J. On or about April 13, 1889, plaintiffs entered into a contract with defendant for putting an extra story on his house at No. 303 President street in this city, for the sum of $2,000, according to certain specifications. The contract provided that the work was to be done to the satisfaction and under the direction of the architect,—one Covert,—to be testified by writing or certificate under his hand. Plaintiffs brought this action to recover a balance of $970, alleged to be due on said contract, and also a further sum of $50.50 for extra work; in all, $1,020.50. The claim for extra work was not disputed by defendant. As to the balance alleged to be due on the contract, defendant claimed that the work was done improperly, and not according to the specifications; that it was not done to the satisfaction of the architect, who has refused to give a certificate to that effect; and that he has suffered damages by the negligent conduct of the work to the amount of $500, and has been compelled to expend $513.53 to complete the work as contracted for, which amounts he counter-claimed. On the trial plaintiffs had a verdict for $770, and from the judgment entered thereon, and from an order denying a motion for a new trial, this appeal is taken. At the close of the plaintiffs' case the learned counsel for the appellant moved to dismiss the complaint on the ground that the architect's certificate had not been given, and that it had not been shown that it had been unreasonably withheld, which motion was denied, and the refusal excepted to. We do not think this exception was well taken. One of the plaintiffs testified that the work called for by the contract had been completed, and that he applied to the architect, Covert, for a certificate to that effect. That Covert made no complaint about the manner in which the work had been done. He referred to some damage done by water, and advised plaintiff to see defendant, and fix the matter up, adding that "he [Russell] is a little cranky, and I don't like to give a certificate;" "that he did not like to give a certificate until Mr. Russell was satisfied;" "that he was a crank, and ought to settle with us;" "he did not know the reason why." We think, on his testimony, that it was proper to submit to the jury the question whether the architect's certificate had been unreasonably withheld. If the

contract had been completed, as plaintiffs testified, it was the duty of the architect to furnish the certificate, and a refusal on his part so to do was unreasonable. *Bank* v. *Mayor*, 63 N. Y. 337. The testimony on the part of the defendant sought to show that the work was improperly and negligently done, thereby causing him damage; and that in several particulars the work was not finished as required by the contract and specifications. These matters were disputed by the rebutting testimony on the part of the plaintiffs, and the issue was accordingly made as to whether the contract had been substantially performed. This was peculiarly a question for the jury to determine, and we are therefore of the opinion that the motion to dismiss and the motion for direction of a verdict for defendant at the close of the testimony were properly denied. *Nolan* v. *Whitney*, 88 N. Y. 648. The learned counsel for the appellant also contends that the verdict was contrary to the weight of evidence. We have carefully gone over all the evidence, and are unable to agree with him in his contention. While it is true that there are some sharp contradictions, we can see no valid ground for interfering with the verdict. That the jury were not carried away by passion or prejudice, and that they duly considered the evidence on the part of the defendant, is plainly indicated by the reduction of $250 which they made on plaintiffs' claim. We think substantial justice was done between the parties. The exception to the exclusion of the question put to the defendant is not tenable, for the reason that it called for a conclusion of the witness, and constituted him, instead of the jury, the judge of what were "defects and injuries," and what was necessary to be done to remedy them. The judgment and order appealed from should be affirmed, with costs.