GEORGE SPENCE, Appellant, *v.* ALBERT W. HAM, Respondent.

1. APPEAL — PRESUMPTION AS TO REVERSAL. The Court of Appeals is compelled to presume that a judgment was not reversed by the Appellate Division upon a question of fact, when the order of reversal is silent upon the subject, although the opinion of the Appellate Division shows an intention to reverse upon the facts as well as the law.

2. CONTRACT — SUBSTANTIAL PERFORMANCE — BURDEN OF PROOF AS TO EXPENSE OF SUPPLYING OMISSIONS. One who, relying upon substantial, as contrasted with complete performance of a contract, shows that he performed it except that through inadvertence he omitted to do some unsubstantial things, cannot recover anything until he shows that the things omitted, if worthy of any attention whatever, can be supplied for a comparatively small sum, in which event he can recover the contract price after deducting that sum.

3. MATERIAL DEVIATIONS FROM PLAN — STRUCTURAL DEFECTS. The defects caused by the failure of a building contractor to have girders of certain length and properly placed and to place a wooden partition on a brick wall in basement, as required by his contract, are structural defects which affect the solidity of the building and tend to defeat the object of the contract and are deviations from the general plan of so essential a character that they cannot be remedied without partially reconstructing the building, and hence do not come within the rule of substantial performance, with compensation for unsubstantial omissions.

*Spence* v. *Ham,* 27 App. Div. 379, affirmed.

(Argued April 19, 1900; decided June 5, 1900.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered March 2, 1898, reversing a judgment in favor of plaintiff entered upon the report of a referee.

This action was brought to recover a balance alleged to be due the plaintiff from the defendant upon a building contract entered into by them on the 15th of September, 1888. The plaintiff alleged performance, admitted the payment of $2,500 on account, and sought to recover a balance of $2,044.97, which included the sum of $644.97 claimed to be due for extra work. The defendant, among other defenses, denied that the contract had been performed on the part of the plaintiff.

The referee before whom the action was tried found generally that the contract had been substantially performed, but he also found specifically as follows: "There were slight omissions and deviations in the performance of the contract and specifications by the plaintiff from the strict letter of the contract, but such omissions and deviations were through inadvertence on the plaintiff's part, and were not willful or intentional. Some of said omissions and deviations were at the request and with the consent of the defendant. Other omissions and deviations were necessary or desirable if the building was to be properly constructed, and such omissions would be usual and customary in a house built on the plan of the house in question. Such omissions and deviations did not prevent a substantial performance of the contract, and were in nowise repugnant to it.

Such omissions and deviations of the work, arising neither from the consent of the owner nor necessity, consisted chiefly as follows: Failure to place bridging in certain places provided by the contract; failure to supply certain collar braces; failure to have girders of certain length and properly placed; failure to have trimmers and headers double instead of single, according to the contract; failure to put drawers and shelves in closets, pursuant to plans and specifications; failure to place wooden partition on a brick wall in basement.

Such defects and other small defects appearing in the building, proved to be due to any fault on the part of the plaintiff, could be remedied for fifty dollars, which is an adequate allowance for the same under the evidence.

The defendant might have been entitled to a greater allowance on account of the defective performance if he had proved and claimed what it would have cost to complete the contract strictly according to its terms. But he did not give such proof, and, hence, there is no basis for such allowance."

He found, as a conclusion of law, that the plaintiff was entitled to recover the sum of $202.32 for extra work, together with the balance unpaid upon the original contract, after deducting $50 on account of "immaterial defects in the plaintiff's work." The judgment entered accordingly was reversed by the Appellate Division, the order of reversal being general in form, with no statement that the judgment was reversed or the new trial granted upon a question of fact.

*G. B. Wellington* for appellant. It must be presumed that the judgment was reversed because of an error of law, and not upon the facts. (Code Civ. Proc. § 1338; *Lewis* v. *Barton*, 106 N. Y. 70; *Riendeau* v. *Bullock*, 147 N. Y. 269; *Bomeisler* v. *Forster*, 154 N. Y. 229; *Parker* v. *Day*, 155 N. Y. 383; *Canda* v. *Totten*, 157 N. Y. 281; *Petrie* v. *Trustees Hamilton College*, 158 N. Y. 458; *Lannon* v. *Lynch*, 160 N. Y. 483.) The decision of the referee is sustained by the evidence. (*Clark* v. *Howard*, 150 N. Y. 239.) The rule requiring literal performance of a contract has been relaxed. Substantial performance and good faith are all that are now required. (*Crouch* v. *Gutmann*, 134 N. Y. 50; *Nolan* v. *Whitney*, 88 N. Y. 648; *Phillip* v. *Gallant*, 62 N. Y. 257; *Woodward* v. *Fuller*, 80 N. Y. 312; *Johnson* v. *De Peyster*, 50 N. Y. 666; *Heckmann* v. *Pinkney*, 81 N. Y. 213; *Gustaveson* v. *McGay*, 12 Daly, 424; *Gibson* v. *Russell*, 37 N. Y. S. R. 402; *Oberlies* v. *Bullinger*, 132 N. Y. 598; *Miller* v. *Benjamin*, 142 N. Y. 616.)

*Charles E. Patterson* for respondent. The order appealed from must be affirmed, if the record presents any error upon the part of the referee calling for a reversal of his report. (*Cobb* v. *Hatfield*, 46 N. Y. 533.) The plaintiff entirely failed to prove a case under his complaint, and was not entitled to recover at all, under the pleadings in the case. (Code Civ. Pro. § 533; *Oakley* v. *Morton*, 11 N. Y. 30; *O'Leary* v. *Bd. of Education*, 9 Daly, 161; *Smith* v. *Brown*, 17 Barb. 431; *Clegg* v. *N. Y. N. Union*, 72 Hun, 395; *Bogardus* v. *N. Y. L. Ins. Co.*, 101 N. Y. 328; *Crane* v. *Knubel*, 2 J. & S. 443; *La Chicotte* v. *Richmond Ry. & El. Co.*, 15 App. Div. 380.) The uncontradicted evidence in the case shows that the plaintiff has not complied with the conditions of the contract alleged in his complaint. A performance of those conditions was not waived by the defendant, and, therefore, the plaintiff was not entitled to recover. (*Smith* v. *Brady*, 17 N. Y. 187; *Glacius* v. *Black*, 50 N. Y. 145; 67 N. Y. 563; *Flannery* v. *Sahagian*, 83 Hun, 109; *Anderson* v. *Petereit*, 86 Hun, 600.) The finding of the referee, that the omissions and deviations of the work which are specified by him arose neither from the consent of the owner nor from necessity, was, of itself, sufficient to call upon the Appellate Division to reverse the judgment entered upon the report of the referee. (*Crane* v. *Knubel*, 61 N. Y. 645.)

Vann, J. According to the opinion of the Appellate Division it was the intention of that court to reverse the judgment upon the facts as well as the law, but as the order of reversal is silent upon the subject, the statute compels us to presume that the judgment was not reversed upon a question of fact. (Code Civ. Pro. § 1338; *Bomeisler* v. *Forster*, 154 N. Y. 229; *Koehler* v. *Hughes*, 148 N. Y. 507.)

It is important for counsel in preparing a judgment or order to carry into effect the decision of an Appellate Division, to see that it is so drawn as to properly express what the court actually decided. We have repeatedly called attention to the necessity, when the reversal is on the facts, or when the

affirmance is unanimous, of so stating in the order or judgment, yet cases are constantly coming before us in which the rights of parties are sacrificed by a disregard of the practice established by the legislature or the court.

The condition of the record leaves only three classes of errors open to our consideration :

(1) Whether upon the facts found by the referee his conclusion of law is correct.

(2) Whether an essential fact was found without any evidence, which according to any reasonable view would warrant it.

(3) Whether a material error was committed in receiving or rejecting evidence. (*Gannon* v. *McGuire,* 160 N. Y. 476 ; *Petrie* v. *Trustees of Hamilton College,* 158 N. Y. 458 ; *Edson* v. *Bartow,* 154 N. Y. 199 ; *Otten* v. *Manhattan Ry. Co.,* 150 N. Y. 395.) If the referee committed one or more errors, under this classification, the order of the Appellate Division, reversing his judgment upon a question of law only, should be affirmed ; otherwise it should be reversed.

The referee found that the contract in question had been substantially performed by the plaintiff, yet he also found certain omissions and defects for which he allowed compensation to the defendant, and certain other omissions and defects for which he allowed no compensation, because the defendant did not prove what it would cost to complete the contract in this regard. Thus upon the face of the report the question arises whether the burden was upon the contractor or the owner to show what it would cost to remedy defects. The question, as presented by the record, is the same as if the plaintiff had alleged substantial instead of complete performance, because that is the basis upon which he recovered. In order to recover at all he was obliged to show either full or substantial performance. Upon showing full performance he could recover the full contract price, but upon showing substantial, which is but partial performance, he could only recover the contract price after deducting the sum required to remedy the omissions, which,

when remedied, would make performance complete. Each party would thus get what he was equitably entitled to ; the plaintiff, payment for all that he did, and the defendant, compensation for all that the plaintiff omitted to do. Clearly there should be no recovery for what the plaintiff agreed to do, but did not do, yet such is the effect of the decision we are reviewing. Substantial performance is performance except as to unsubstantial omissions with compensation therefor. When the omission is slight and unintentional, in order to prevent the hardship of a failure to recover even for that which was well done, compensation is substituted *pro tanto* for performance. This is the modern rule adopted upon the theory that the parties are presumed to have impliedly agreed to do what was reasonable under all the circumstances with reference to the subject of performance. Thus it was said in *Woodward* v. *Fuller* (80 N. Y. 312, 315), "if the plaintiff is to be held strictly to the terms of his contract, he must fail to recover thereon, and that he should be, is the effect of the earlier cases in this state. (See those cited in the opinion of COMSTOCK, J., in 17 N. Y. *supra,* 185.) But there has been a relaxation of that rule, and now on such a contract there may be a recovery without a literal or exact performance of it. It is now the rule, that where a builder has in good faith intended to comply with the contract, and has substantially complied with it, although there may be slight defects caused by inadvertence or unintentional omissions, he may recover the contract price, less the damages on account of such defects." So in *Nolan* v. *Whitney* (88 N. Y. 648, 649) the court announced that "it is a general rule of law that a party must perform his contract before he can claim the consideration due him upon performance ; but the performance need not in all cases be literal and exact. It is sufficient if the party bound to perform, acting in good faith, and intending and attempting to perform his contract, does so substantially, and then he may recover for his work, notwithstanding slight or trivial defects in performance, for which compensation may be made by an allowance to the

other party." We quote from still another case as follows: "The question of substantial performance depends somewhat on the good faith of the contractor. If he has intended and tried to comply with the contract and has succeeded, except as to some slight things omitted by inadvertence, he will be allowed to recover the contract price, less the amount necessary to fully compensate the owner for the damages sustained by the omission. (*Woodward* v. *Fuller*, 80 N. Y. 312; *Nolan* v. *Whitney*, 88 id. 648; *Phillip* v. *Gallant*, 62 id. 256, 264; *Glacius* v. *Black*, 50 id. 145; *S. C.*, 67 id. 563, 566; *Johnson* v. *De Peyster*, 50 id. 666; *Sinclair* v. *Tallmadge*, 35 Barb. 602.)" (*Van Clief* v. *Van Vechten*, 130 N. Y. 571, 579.)

He who relies upon substantial as contrasted with complete performance must prove the expense of supplying the omissions, or he fails in his proof, for he cannot recover for full performance when a part of the contract is still unperformed. The doctrine of substantial performance necessarily includes compensation for all defects, which are not so slight and insignificant as to be safely " overlooked on the principle of *de minimis non curat lex.*" (*Van Clief* v. *Van Vechten*, *supra.*) Unsubstantial defects may be cured, but at the expense of the contractor, not of the owner. The contractor cannot recover the entire contract price when defects or omissions appear; for he must show not only that they were unsubstantial and unintentional, but also the amount needed to make them good, so that it can be deducted from the contract price and a recovery had for the balance only. This is an essential part of substantial performance, and hence the proof should be furnished by the one who claims substantial performance. (*Zimmer* v. *Jourgensen*, 38 N. Y. S. R. 414; *S. C.*, 70 Hun, 222, 228; affirmed, 144 N. Y. 656; *Cutler* v. *Close*, 5 C. & P. 337; Chitty on Contracts [13th ed.], 520; Hudson on Building Contracts, vol. 1, p. 394.) There was nothing decided in *Heckmann* v. *Pinkney* (81 N. Y. 211), which is relied upon by the plaintiff, that is in conflict with these views, for in that case the referee found that the

" defendant had waived performance as to the items wherein there was not perfect performance."

When the plaintiff shows that he performed his contract he is entitled to judgment for the contract price, but when he shows that he performed his contract except that through inadvertence he omitted to do some unsubstantial things, he is not entitled to recover anything until he shows that the things omitted, if worthy of any attention whatever, can be supplied for a comparatively small sum, in which event he can recover the contract price after deducting that sum. This rule is liberal to the contractor, for it allows him to recover when he has not fully performed, and it cannot be extended without danger to the integrity of the contract. As he does not show full performance, it is not requiring too much of him to show what it will cost to remedy the defects in order to permit him to recover the contract price less the sum allowed for defective performance. It is for him to show this, for otherwise the owner could say " am I to pay according to my promise when the contractor does not perform according to his ? " The one who fails in fully performing and who invokes the doctrine of substantial performance, must furnish the evidence to measure the compensation for the defects, as that is the substitute for his failure to do as he agreed.

The learned referee, therefore, inadvertently committed an error of law when he found that the defendant would have been entitled to a greater allowance on account of defective performance if he had proved and claimed what it would cost to complete the contract strictly according to its terms, as it was for the plaintiff, not for the defendant, to furnish the evidence to measure the allowance for omissions and defects.

We are also of the opinion that he fell into further error when he found that the defects, " for which the plaintiff is held to be responsible, were not pervasive and did not constitute a deviation from the general plan, and were not so essential that the objects of the parties in making the contract and its purpose have not, without difficulty, been accomplished."

We find no evidence which, according to any reasonable view, supports this finding so far as the "failure to have girders of certain length and properly placed," and the "failure to place wooden partition on a brick wall in basement," are concerned. These were structural defects which affected the solidity of the building and tended to defeat the object of the contract. They were deviations from the general plan of so essential a character that they cannot be remedied without partially reconstructing the building, and hence do not come within the rule of substantial performance, with compensation for unsubstantial omissions. (*Crouch* v. *Gutmann*, 134 N. Y. 45.) The law is not satisfied by allowing the expense of a new girder, for instance, considered simply as a stick of timber of the right size, for the defective girder, which partially supports the building, must be removed and another put in its place in order to remedy the defect. While it may be possible to make the substitution, the process is difficult and apt to injure the structure, and hence the defect cannot be regarded as unsubstantial.

The order appealed from should be affirmed and judgment absolute, with costs, directed against the plaintiff in accordance with the stipulation given upon bringing the appeal.

PARKER, Ch. J., O'BRIEN, BARTLETT (HAIGHT, J., on last ground stated in opinion) and MARTIN, JJ., concur; LANDON, J., not sitting.

Order affirmed, etc. _____