## NIEMEYER v. WOODS.

(Supreme Court, Appellate Division, Second Department. May 29, 1902.)

1. CONTRACTS—EXTRA WORK—CONSENT.

Where, in an action to recover a balance on a building contract and for extra work, the case fails to show either an express or implied consent of the defendant to such extra work, it is error to include pay therefor in the judgment.

**2.** SAME—SUBSTANTIAL PERFORMANCE—EVIDENCE—JUDGMENT.

Where, in an action to recover a balance on a building contract, at the close of the evidence plaintiff was permitted to amend the complaint to conform to the proof by alleging substantial instead of full performance, and defendant's evidence showed the necessary expense to complete the contract, such evidence supplied plaintiff's omission to prove such expense, and the court was enabled to adjust the judgment.

**3.** SAME—TENDER—PRESUMPTION.

Where, before suit to recover a balance on a building contract, plaintiff claimed full performance and for extra work, and defendant tendered a certain sum in full payment, and on the trial plaintiff failed to recover for the extra work, and amended his pleading to conform to the proof, and recovered for a substantial performance more than the sum tendered, the court on appeal cannot assume that defendant would have tendered the amount recovered if plaintiff had not claimed more.

Appeal from special term, Westchester county.

Action by Frederick W. Niemeyer against Michael J. Woods. From a judgment for plaintiff, defendant appeals. Modified and affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Henry G. K. Heath, for appellant.

J. Mortimer Bell, for respondent.

JENKS, J. I think that the case fails to show either the express or the implied consent on the part of the appellant that must appear before he can be held liable for the extra work. Paper Co. v. Sire, 163 N. Y. 122, 131, 57 N. E. 293; Cowen v. Paddock, 137 N. Y. 188, 193, 33 N. E. 154. It is true that the amendment of the pleadings so as to conform to the proof, made at the close of the testimony, permitted the plaintiff to recover upon substantial performance, and not upon the full performance pleaded; but the evidence of the defendant supplied the omission of the plaintiff to plead or to prove the expense necessary to complete the contract, as might have been required if his original pleading had been a substantial performance, under the rule of Spence v. Ham, 163 N. Y. 220, 57 N. E. 412, 51 L. R. A. 238. Thus the court was enabled to adjust the judgment.

It is also true that the appellant tendered $175 in full payment before the suit was begun, but, even assuming that the extra work could have formed no part of the recovery, the court has determined that the plaintiff was entitled to $190 under the contract; and we cannot assume that if the plaintiff had sued upon substantial performance, and had claimed the balance of the contract price struck after a deduction of the necessary and stated expense, the appellant would have paid that amount into court.

The judgment should be modified by deducting the allowance for extra work and its share of the interest awarded, and as so modified affirmed, without costs of this appeal to either party. All concur.