(54 Misc. 555)

## FINKELSTEIN v. MILLER.

(Supreme Court, Appellate Term. June 6, 1907.)

WORK AND LABOR—ACTION TO RECOVER—PART PERFORMANCE.

Where, in an action to recover for work and materials, there was evidence that plaintiff had not fully performed the contract, but had left part undone, and that some of the work was improperly done, it was error to charge that, if there was a substantial performance, plaintiff was entitled to the whole contract price.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Morris F. Finkelstein against Michael Miller. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

Goldfogle, Cohn & Lind, for appellant.

Charles Stein, for respondent.

PER CURIAM. The action is to recover for work, labor, and services alleged to have been performed and materials alleged to have been furnished by plaintiff for defendant, pursuant to a contract between the parties. The defendant claims the work was in part left unfinished and the materials unsupplied, that the value of the work done and materials furnished was $200, and that defendant has paid therefor $250, making an overpayment of $50, which amount defendant counterclaims. Defendant also claims that the work in part was so badly done that damage to the walls and floors resulted, to the amount of $20, which is also counterclaimed. Defendant also claims that the work and material were of such poor quality that much had to be done over again, and the materials replaced, causing damage to the defendant to the amount of $80, which sum is also counterclaimed, making a total counterclaim of $150. Upon a sharp conflict of evidence the issues were presented to the jury, who found for plaintiff. Defendant appeals.

At the end of the charge, to which no exception was taken, defendant's counsel said:

"I ask the court to charge that if, on the entire contract, they [the jury] find the plaintiff performed part of it, and not wholly, they may allow him the reasonable value of the work performed, and charge against that any money paid to him."

The court replied:

"I decline to so charge, but charge that, if there is a substantial performance, he [plaintiff] is entitled to the whole contract price."

Defendant excepted, and said:

"I ask the court to charge that if the contract be in a very large part performed, but negligently or inefficiently performed in some ways, that the value of that improper work may be charged against the contract price."

The court replied:

"I think I have covered that, and decline to charge further in that respect."

Defendant excepted.

Inasmuch as there was evidence tending to show that plaintiff had not fully performed the contract, but had left part undone, and that some of the work was improperly done, this ruling of the court seems to constitute prejudicial error. It took away from the jury the right to make any deduction for work left undone or work improperly done, if they found that plaintiff had not wholly, but only substantially, performed the contract, which finding would be warranted by the

evidence. As was said by Judge Vann, in Spence v. Ham, 163 N. Y. 224, 57 N. E. 413, 51 L. R. A. 238:

"In order to recover at all the [plaintiff] was obliged to show either full or substantial performance [of the contract]. Upon showing full performance he could recover the full contract price; but upon showing substantial, which is but partial, performance, he could only recover the contract price after deducting the sum required to remedy the omissions, which, when remedied, would make performance complete."

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.