### JOHN R. CARPENTER CO. v. ELLSWORTH.

(Supreme Court, Appellate Division, Second Department. June 14, 1912.)

1. CONTRACTS (§ 320*)—BUILDING CONTRACT—SUBSTANTIAL PERFORMANCE—RECOVERY.

The right of a building contractor to recover for substantial performance of his contract exists only where he has acted in absolute good faith, and not where the contract is performed in a careless and negligent manner.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1459, 1469, 1493–1527; Dec. Dig. § 320.*]

2. CONTRACTS (§ 322*)— BUILDING CONTRACTS — PARTIAL PERFORMANCE — PROOF.

Where, in an action for money due a building contractor, the plaintiff does not show full performance of the contract, he cannot recover until he shows substantial performance and also the amount which should be deducted to meet the cost of remedying the defects.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1306, 1307, 1339, 1347, 1348, 1465, 1492; Dec. Dig. § 322.*]

Appeal from Special Term, Queens County.

Action by the John R. Carpenter Company against Thomas G. Ellsworth. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and WOODWARD, JJ.

William Rasquin, Jr., of New York City, for appellant.
William W. Gillen, of Jamaica, for respondent.

WOODWARD, J. The complaint is based upon an equitable assignment of a portion of the moneys to become due .to a contractor, one Fred B. Zittel, for the construction of a dwelling house at Bayside, Queens county, for the defendant. The complaint alleges, in addition to the assignment and other material matters, that—

"said building erected for the defendant is in all respects completed according to contract, so as to entitle this plaintiff and the said Fred B. Zittel to the payment of the sum mentioned in said assignment, and that the aforesaid payment has long since been and is now due and unpaid."

There is no suggestion here of substantial performance, or of waiver of performance. The cause of action alleged is that the contract has been fully performed. The evidence is to the effect that the

contract has not been fully performed, and yet the learned referee has found that there was a substantial compliance with the provisions of the contract, and, after deducting for amounts which the defendant established had been expended in completing the contract, gave judgment to the plaintiff for the remainder.

In a memorandum handed down with the decision, the learned referee, after accounting for an alleged structural defect to his own satisfaction, says:

"Other than, this there does not appear to have been any material structural defects; but it does clearly appear that in a number of instances the contractor did not comply with the specifications. Most of these were small in their nature, and the owner did not have the work done, and no satisfactory proof was offered as to what would be the cost of doing the same. * * * It is my opinion that the defendant should be allowed for the locust posts, $11; for the boiler, bath, and laundry tubs, $115.00; for the doors, $7.50; for the outside door, $4; for the straightening of the angles in the ceiling, $7; and for the outside painting, $25. There were a number of other minor defects, as stated, but no proof as to the cost of supplying them was given. The contract was fulfilled in a somewhat careless and negligent manner, but it seems to me that the testimony is sufficient to show substantial compliance."

[1] This is clearly not the law. The doctrine of substantial compliance in building contracts contemplates, first of all, absolute good faith, and the performance of a contract for the construction of a man's home is not fulfilled when the contract is performed in "a somewhat careless and negligent manner." Carelessness and negligence in the construction of a building for a home is not consistent with that good faith which induces the courts to overlook trifling variations, where the contractor takes it upon himself to show the difference in the cost, and makes allowances for the same. Here the learned referee has not only condemned the defendant to the acceptance of a building, the construction of which is concededly marked by carelesseness and negligence, but he has decreed that the defendant shall pay the full contract price in every instance in which the evidence does not disclose the cost of making them according to contract. In other words, he has held, in effect, that the plaintiff, by constructing the building in "a somewhat careless and negligent manner," has imposed upon the defendant the obligation of paying the contract price for such building in all particulars in which the defendant has failed to show what the cost of making the building what it was expected to be under the contract would be.

[2] Unsubstantial defects may be cured, but at the expense of the contractor, not of the owner. The contractor cannot recover the entire contract price when defects or omissions appear; for he must show, not only that they were unsubstantial and unintentional, but also the amount needed to make them good, so that it can be deducted from the contract price and a recovery had for the balance only. This is an essential part of substantial performance, and hence the proof should be furnished by the one who claims substantial performance. When the plaintiff shows that he performed his contract, he is entitled to judgment for the contract price; but when he shows that he performed his contract, except that through inadvertence he

omitted to do some unsubstantial thing, he is not entitled to recover anything until he shows that the thing omitted, if worthy of any attention whatever, can be supplied for a comparatively small sum, in which event he can recover the contract price after deducting the sum. This rule is liberal to the contractor, for it allows him to recover when he has not fully performed, and it cannot be extended without danger to the integrity of the contract. As he does not show full performance, it is not requiring too much of him to show what it will cost to remedy the defects in order to permit him to recover the contract price less the sum allowed for defective performance. Spence v. Ham, 163 N. Y. 220, 226, 227, 57 N. E. 412, 51 L. R. A. 238.

The judgment appealed from should be reversed, and a new trial granted; costs to abide the final award of costs. All concur.