## NORTHWESTERN THEATRICAL ASS'N v. HANNIGAN.

(Circuit Court of Appeals, Second Circuit.   November 10, 1914.)

### No. 37.

1. TRIAL (§ 252*)—INSTRUCTION—APPLICABILITY TO EVIDENCE.

In an action on an agreement by defendant, a manager of theaters in several cities, to pay plaintiff's assignors a specified amount for "your sole representation" in such cities, in which it appeared that plaintiff furnished attractions for 1 to 7 weeks only, it was error for the court to submit the question of a recovery on quantum meruit, in case the jury found that the contract meant, as claimed by defendant, that attractions were to be furnished throughout the theatrical season of 25 to 30 weeks, in the absence of any testimony as to the value of the services rendered by plaintiff.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612;  Dec. Dig. § 252.*]

2. CONTRACTS (§ 319*)—SUBSTANTIAL PERFORMANCE—MEASURE OF RECOVERY.

Where a contract is substantially performed, the amount recoverable is not the value of the services performed as upon a quantum meruit, but the contract price, less compensation for unsubstantial omissions.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1458, 1476, 1477, 1479, 1493–1507;  Dec. Dig. § 319.*]

3. TRIAL (§ 252*)—INSTRUCTIONS—ABSENCE OF EVIDENCE.

In an action for the amount claimed to be due on a contract to furnish attractions for theaters, in which it appeared that attractions were furnished for only 1 to 7 weeks, the submission of the question of substantial performance, in case the jury should find that the contract required the furnishing of attractions each week during the theatrical season of 25 to 30 weeks, was error, in the absence of any testimony upon which the proper deductions could be ascertained, especially in view of the facts as to performance, and the verdict, which was for less than one-sixth of the contract price, showing that the jury did not find substantial performance.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612;  Dec. Dig. § 252.*]

4. APPEAL AND ERROR (§ 173*)—RESERVATION OF GROUNDS OF REVIEW—MATTERS FIRST RAISED ON MOTION FOR NEW TRIAL.

An objection that the contract sued on was void, because in restraint of trade, and in violation of the statutes against monopolies, first made in a motion for a new trial, after the verdict had been rendered, was not the subject of an exception, and could not be considered on writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1079–1089, 1091–1093, 1095–1098, 1101–1120;  Dec. Dig. § 173.*]

In Error to the District Court of the United States for the Southern District of New York.

Gerald B. Rosenheim, of New York City, for plaintiff in error.
G. E. Joseph, of New York City, for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge.   This is a writ of error to a judgment entered on the verdict of a jury in favor of the plaintiff for the sum of $1,-000.   Stair & Havlin, the plaintiff's assignors, were engaged in the business of procuring for theaters throughout the United States com-

---

panies which usually play for a week and whose charge for admission is not over $1. The business is known as booking popular priced attractions.

The defendant was manager of theaters in Denver, Salt Lake City, San Francisco, Tacoma, and Seattle. In 1908 it had a separate booking contract with Stair & Havlin for the term of five years as to each of its theaters in those cities. August 31, 1909, all these contracts were annulled, and a new contract made for San Francisco, Los Angeles, and Salt Lake City, as follows:

"New York, August 31, 1909.

"Stair & Havlin, Long Acre Building, New York—Gentlemen: Referring to my conversation a few days ago with your Mr. Nicolai, I hereby agree to pay your firm $2,000 per annum for your sole representation for the cities of San Francisco and Los Angeles, Cal., and for Salt Lake City, Utah, payable in two payments, January 1st and July 1st of each year, commencing January 1, 1910; this contract to take effect July 1, 1909, and to continue for four years, from that date.

"This is in view [lieu] of any and all other contracts signed by the Northwestern Theatrical Association and your firm.

"I also agree to pay $1,250 balance due in full for the season of 1908 and 1909.                   Northwestern Theatrical Association,

"John Cort, Manager.

"Accepted: Stair & Havlin,
          "Per Geo. H. Nicolai, Secy."

The theatrical season covers a period of from 25 to 30 weeks and the plaintiff furnished, in the season 1909–1910, attractions for 4 weeks at Salt Lake City, 1 week at Los Angeles, and 1 week at San Francisco; for the season 1910–1911, 1 week at Salt Lake City, 2 weeks at Los Angeles, and 2 weeks at San Francisco; for the season 1911–1912, 2 weeks at Salt Lake City, 7 weeks at Los Angeles, and 7 weeks at San Francisco.

In December, 1912, the plaintiff began this action on the contract, alleging full performance by his assignors, nonperformance by the defendant, and demanding a judgment for $6,000, being $2,000 due for each of the seasons 1909–1910, 1910–1911, and 1911–1912. The defendant answered, denying performance by the plaintiff's assignors and nonperformance by itself.

The crucial question was as to the meaning of the expression "your sole representation for the cities of San Francisco, Los Angeles, and Salt Lake City," for which the defendant agreed to pay $2,000 per annum. It was testified for the defendant that this meant that Stair & Havlin were to furnish responsible bookings to fill its theaters throughout the season and to book for no one else in the cities named. On the other hand, the plaintiff's testimony was that it meant that Stair & Havlin would book for no other theaters in those cities and would give the defendant their services whenever called for.

[1] The court charged the jury that if they found the contract to mean that Stair & Havlin were to furnish the defendants 25 or 30, or a reasonable number, of companies for its theaters during the 3 years in question, and had not done so, their verdict should be for the defendant, or "for the plaintiff for such an amount as you think should reasonably be given for the services which Stair & Havlin did perform." This proceeded on the theory that the plaintiff was entitled to recover

on a quantum meruit, but it was error to submit the question to the jury, because there was no testimony whatever upon which a finding of the value of the services rendered for each season could be made. Any verdict on this ground would be pure guesswork.

[2, 3] Later the court charged:

"If the agreement was that they should furnish the companies necessary to run the theaters there, it is for you to say whether they substantially or partially complied with the contract, or whether what was done was so insufficient a compliance with the contract as to amount to a complete breach of the contract. If you think it was a complete breach, you should find a verdict for the defendant. But if you think the plaintiff should be compensated for the companies which Stair & Havlin did furnish, then you should find a verdict for the plaintiff for such a proportionate part of the $6,000 claim as those services were worth."

This proceeds upon the theory of substantial performance. In such a case, however, it was for the jury to find, not what the services were worth as upon a quantum meruit, but for the whole contract price, less what would compensate the defendant for unsubstantial omissions. Spencer v. Ham, 163 N. Y. 220, 57 N. E. 412, 51 L. R. A. 238. Not only was there error in the instruction as to the method of ascertaining the amount due in case of substantial performance, but the question of substantial performance should not have been submitted at all, because there was no testimony upon which the proper deductions for substantial omissions in each season could be ascertained. Indeed, the idea of substantial performance of a contract in view of the undisputed facts is inconceivable, and a verdict for less than one-sixth of the contract price shows that the jury could not have found substantial performance.

[4] The defendant further contends that the contract was void, because a restraint of trade and an attempt to monopolize, in violation of the Sherman Law (Comp. St. 1913, §§ 8820–8830), as well as the law of the state of New York. It is enough to say that this objection, having been first made in a motion for a new trial, after the jury had rendered its verdict, is not the subject of an exception, and cannot be considered by us.

Judgment reversed.