WILLIAM J. SCHIEVEN, Respondent, *v.* JACOB C. EMERICK and Another, Appellants.

Fourth Department, May 4, 1927.

**Contracts — building contract — action by contractor to recover balance due — complaint alleges " full " performance — prejudicial error to permit proof of " substantial " performance.**

This is an action upon a building contract. The complaint alleges " full " performance except as to the date of completion. It was error for the court to permit proof of " substantial " performance. The deviation in the proof from the " full " performance pleaded demands a reversal and a new trial.

APPEAL by the defendants, Jacob C. Emerick and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 1st day of February, 1926, upon the verdict of a jury, and also from an order entered in said clerk's office on the 29th day of January, 1926, denying defendants' motion for a new trial made upon the minutes.

*MacFarlane & Harris* [*William MacFarlane* of counsel], for the appellants.

*Robert E. Keefe,* for the respondent.

PER CURIAM. Plaintiff has sued upon a contract under which he agreed to build a flat and a garage for defendants. Full performance was alleged in the complaint except as to date of completion.

The court permitted proof of substantial performance under a charge to the effect that " substantial performance " was " full " performance. This is not the rule either as to pleading or proof. (*Fox* v. *Davidson,* 36 App. Div. 159; *Tribune Assn.* v. *Eisner & Mendelson Co.,* 70 id. 172; *Brooklyn Heights R. R. Co.* v. *Brooklyn City R. R. Co.,* 151 id. 465.) The balance claimed to be due on the $12,200 contract was $1,871.73 and interest. The jury gave plaintiff $700 in accordance with proof, making it clear that there had not been even substantial performance.

The omissions and deficiencies were not unsubstantial or inconsequential. (*Spence* v. *Ham,* 163 N. Y. 220.) The defendants — both in their answer and by due objection at the trial — protested against any effort by plaintiff to show waiver or substantial performance, or to recover upon anything akin to *quantum meruit.* We conclude that the deviation from the full performance pleaded was not " trivial and innocent " and that " equity and fairness "

do not demand that we hold that even substantial performance has been shown. (*Jacob & Youngs, Inc.*, v. *Kent*, 230 N. Y. 239.)

The judgment and order appealed from should be reversed on the law and facts and a new trial granted, with costs to appellant to abide the event.

All concur. Present — HUBBS, P. J., CLARK, CROUCH, TAYLOR and SAWYER, JJ.

Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.