SOLOMON TANNENBAUM, Respondent, *v.* MARY B. SLEVIN, Defendant, Impleaded with B. B. B. GASOLINE CORPORATION, Appellant.

First Department, May 25, 1928.

*Samuel Gottlieb* of counsel [*Hyman Bushel* with him on the brief], for the appellant.

*Martin H. Young* of counsel [*Louis Rosenberg*, attorney], for the respondent.

MARTIN, J. The plaintiff seeks to sustain a judgment recovered against the defendant in an action to foreclose a mechanic's lien in which it was alleged that the defendant B. B. B. Gasoline Corporation was indebted to him in the sum of $9,835, with interest.

After the parties first met, plaintiff furnished an estimate of $17,000 for doing work according to certain plans and specifications. Appellant accepted the offer. The plaintiff commenced work prior to the signing of a formal contract, which was later prepared but not signed. Each party ga e testimony as to why it was not signed.

As the work progressed numerous disputes arose. Finally the parties entered into an agreement in writing by which it was agreed that the plaintiff should receive $20,000 to cover the original work as well as extras, everything to be completed by the 17th day of November, 1925.

Plaintiff contends that he fully performed according to the written contract, including the extras, and that he is also entitled to the sum of $1,835 for additional work performed by him.

By the terms of the written contract it was provided that the B. B. B. Gasoline Corporation was to deposit for the use of the

plaintiff three promissory notes each for the sum of $1,333.33, the first one payable three months after date, the second four months after date, and the third five months after date, all bearing interest at the rate of six per cent. It was agreed, however, that these notes should not be negotiated until the work was finished. Almost immediately upon receipt of them the plaintiff discounted the notes and the holder sued thereon and recovered judgment.

It appears that the plaintiff has been paid the sum of $12,000 in cash and received the three notes aggregating $4,000 which he negotiated, making a total payment of $16,000.

Differences arose with reference to both the performance of the contract and the extra work. It was stipulated that the trial justice should view the premises. After visiting the same, the court refused to allow any of the items of extra work, evidently upon the ground that none had been performed.

There was a sharp conflict with reference to the building of a parapet wall, a very important item. The plaintiff claimed that he built a new wall, that it was new throughout and could be seen at any time. The defendant claimed that no such wall had been built. The court, after visiting the premises, found as a fact that no such wall had ever been built, and signed the following finding of fact:

" IX. That plaintiff is not entitled to recover and is not entitled to receive any extra compensation for the alleged extra work specified in the bill of particulars herein."

We advert to this as indicating the length to which the plaintiff went in order to obtain a judgment.

As to the main contract he contended he completely performed. The court found that there was not complete performance but that there was substantial performance; and made an allowance for three items, two of which it was said by plaintiff had been overlooked or at least not installed and a third which the parties had agreed the defendant should furnish instead of the plaintiff, in all making an allowance of $1,686.60.

The defendant, appellant, submitted proof that the plaintiff had failed to paint the building as agreed; that there was a failure to perform the contract in a workmanlike manner; that, instead of the concrete floors sloping to a drain in the center, they were improperly constructed so that the water remained in pools on the floor or against the side walls of the building, and that in at least fifteen particulars the work had been either improperly performed or wholly or in part omitted. There is no doubt that the defendant, appellant, by the proof offered sustained its contention as to most of these items. The plaintiff, however, to meet

this situation contended that these omissions were due to instructions from the officers of the defendant corporation, or that they were insignificant, unimportant and trivial.

It is clear that there was a failure to substantially perform. In addition, the plaintiff failed to prove the cost of the items which were omitted and failed to give the defendant credit therefor.

There was such a radical departure from the contract and such failure to perform that, instead of the plaintiff recovering a judgment, the complaint should have been dismissed.

On the counterclaim the defendant, appellant, asserts that it is entitled to a penalty of $100 a day from the 17th day of November, 1925, for the reason that the plaintiff failed to perform the contract within the time stipulated. We believe defendant waived the time for performance. (*Deeves & Son* v. *Manhattan Life Ins. Co.*, 195 N. Y. 324.) There was no proof on the part of the defendant, appellant, that it had been damaged. The court dismissed the counterclaim without prejudice to a new action to recover the amount of damages which the defendant might be able to show it had sustained.

The judgment should, therefore, be reversed, with costs, the complaint dismissed, with costs, and the counterclaim dismissed, without prejudice to an action to recover any damages sustained by the defendant.

Dowling, P. J., Finch, McAvoy and O'Malley, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs, and the counterclaim dismissed, without prejudice to an action to recover any damages sustained by the defendant. The findings inconsistent with this determination should be reversed and such new findings made of facts proved upon the trial as are necessary to sustain the judgment hereby awarded. Settle order on notice.