PARSONS, Plaintiff, *v.* DURA REALTY CORPORATION and Others, Defendants.

Supreme Court, Bronx County, February 7, 1930.

*William G. Phlippeau*, for the plaintiff.

*Abraham Wilson*, for the defendants.

GLENNON, J.   This is an action for the foreclosure of a mechanic's lien.   Plaintiff and defendant entered into a written contract on September 15, 1926, for the performance of tile and marble work on premises being constructed by the defendant.   On November 1, 1926, a strike was called of the trades working on the premises, because of the fact that plaintiff employed laborers who were not members of the recognized labor unions referred to in the specifications.   Defendant's representative informed plaintiff that, if he desired to complete his contract, it would be necessary for him to employ men belonging to unions affiliated with the Building Trades Employers' Association.   Plaintiff insisted that he had men who were members of a union, but not affiliated with the unions of the other trades.   Under the terms of the written contract, plaintiff was not required to employ union men.   If defendant had in fact intended to compel plaintiff to employ such men, it should have so specified in the contract which was signed.   The specifications which make mention of this condition are not referred to in the contract, and are not made part of it.   The contract marked in evidence represents the entire agreement between the parties.   It is complete in itself, and, therefore, no conditions not included in its terms can be imposed upon the plaintiff.   Furthermore, I am satisfied that the plaintiff never saw the specifications.   I, therefore, conclude that defendant was guilty of a breach of contract in not permitting plaintiff to proceed with the work to be performed by the men in his employ.

The great difficulty which presents itself, and which must act as a bar to recovery by the plaintiff in this case, is the fact that he greatly exaggerated the amount of work he had done, and minimized the balance to be performed under the terms of the written agreement.   The contract price was $7,750.   The plaintiff was paid on account the sum of $3,440.   He claims that the labor performed, materials delivered, installed and manufactured amounted to $6,942; thus making a balance due him at the time of the breach of $3,502.   When we take into consideration the evidence in the case, we must realize that the labor performed and materials delivered and installed fall far short of the sum of $5,238.50, which plaintiff claims.   An illustration of the point might be given by showing that plaintiff contended that he had completed the wall tiling on twenty-eight bathrooms; whereas, in fact, the contractor who completed the job was positive that the wall tiling on only twenty

of the bathrooms was finished. The floor tiling, according to plaintiff's version, was completed on twenty-four bathrooms, whereas the same contractor testified that it was laid in only six of the bathrooms. Likewise plaintiff asserted that twenty-eight sets of bathroom fixtures were furnished, whereas his successor claims only eight sets were furnished. Bearing in mind that the contractor who completed the job testified from his own records, I believe that the amount of work plaintiff claimed to have completed was grossly exaggerated. It is unnecessary to review all the evidence, but it would not be amiss to point out that the new contractor was employed to complete the work at a cost of $4,700.

It has always been the tendency of the courts to declare liens invalid where the lienor has intentionally exaggerated the amount of his lien in an appreciable degree. (*Aeschlimann* v. *Presbyterian Hospital*, 165 N. Y. 296, 302; *Tannenbaum* v. *Slevin*, 224 App. Div. 44; *Utterson, Inc.*, v. *Snyder*, Id. 471; *Romanik* v. *Rapoport*, 148 id. 688, 691; *Schwartz & Co.* v. *Aimwell Co.*, 204 id. 769; affd., 236 N. Y. 672.) These cases establish the rule that, where a lienor intentionally and by pretense of a fabricated and fictitious demand exaggerates his claim, he can have no recovery on his lien. The authorities, however, draw a marked distinction between instances where an error or inaccuracy in a lien is the result of honest mistake as to value, and instances where there is a willful and intentional exaggeration in this respect. As has been said, the rule is similar to the one applied to false swearing in proofs of loss on insurance policies.

In a very recent case (*Goldberger-Raabin, Inc.*, v. *74 Second Avenue Corp.*, 252 N. Y. 336) a very excellent example of what is meant by inaccuracy or honest mistake may be found. There plaintiff filed a lien for a definite amount, but was mistaken in the amount that he could recover under his lien, in view of the nature of the contract under which he had worked. In the case before me, however, the plaintiff certainly must have known at the time defendant breached its contract just what work had been actually performed and what work still remained to be done. Knowing this, he has deliberately made claim for a great deal more than was actually done by him. The evidence, as I have pointed out, clearly shows a gross exaggeration on his part. I am convinced that this exaggeration was intentional and deliberate, and conclude that he is not entitled to any recovery in this action.

Findings passed upon. Settle decision and judgment in accordance with this opinion.