SHOEMAKER BRIDGE CO. OF DELAWARE, INC., Plaintiff, *v.* 21 WEST EIGHTY-SIXTH STREET CORPORATION, Appellant, Impleaded with PITTSBURGH PLATE GLASS COMPANY and Others, Defendants.

HARRY ALEXANDER, INC., Respondent, *v.* 21 WEST EIGHTY-SIXTH STREET CORPORATION, Appellant, Impleaded with SHOEMAKER BRIDGE CO. OF DELAWARE, INC., Defendant.

First Department, May 2, 1930.

*David Morgulas* of counsel [*M. Carl Levine*, attorney], for the appellant.

*Isidor H. Taylor*, for the respondent.

PER CURIAM. In this mechanic's lien action the plaintiff Harry Alexander, Inc., obtained a judgment against the defendant 21 West Eighty-sixth Street Corporation for the sum of $5,672.34. Included in the judgment is the amount alleged to be due on the contract and a recovery for several items of alleged extra work.

The plaintiff succeeded on the theory of either complete performance or substantial performance. Throughout the trial it was urged that the work having been done to the satisfaction of the municipal department and the board of underwriters said defendant must pay. The terms of the contract appear to have been wholly disregarded.

The defendant not only established that important items of work called for by the contract and specifications were omitted, but that in several instances substitutions were made and material other than that called for was furnished and installed. It was also shown that defendant expended a substantial sum to complete several items called for by the contract.

The defendant was entitled to at least substantial performance, with an allowance for unimportant changes or omissions. (*Spence v. Ham*, 163 N. Y. 220; *Tannenbaum v. Slevin*, 224 App. Div. 44.)

It would serve no useful purpose to take up in detail each disputed item. When the case is retried it should be a very simple matter to determine whether the contract was substantially performed and if the plaintiff performed extra work to apply the method of payment for extra work agreed upon between the parties by the terms of the written contract.

The judgment, so far as appealed from, being against the weight of the evidence, should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Present — DOWLING, P. J., FINCH, McAVOY, MARTIN and O'MALLEY, JJ.

Judgment, so far as appealed from, reversed and a new trial ordered, with costs to the appellant to abide the event. Settle order on notice.