CHARLTON et al. v. ROSE.

(Supreme Court, Appellate Division, Fourth Department. December 18, 1897.)

1. PLEADINGS—AMENDMENT TO CONFORM TO PROOF.
Upon the trial it became apparent to the plaintiff that he could not sustain his allegations that the contract sued on had been fully performed, and he was allowed to introduce evidence of substantial performance, and a waiver by the other party of certain conditions therein, over the

objection of the defendant that the evidence was "irrelevant, immaterial, and incompetent." *Held* that, since the defendant did not object on the specific ground that the evidence did not support the pleadings, it was not error to grant a motion to amend the pleadings to conform to the proof, after the close of the evidence.

2. SAME—PROCEDURE.

When an amendment to a pleading is granted on the trial, it should be written out, and be inserted in the proper place in the pleading, so that the appellate court can determine its effect.

3. ACTION ON CONTRACT—EVIDENCE.

In an action on a contract for building a house, which provided that the work was to be performed "in the most substantial and workmanlike manner, and with material best fitted for each and every purpose," the contractor admitted that this condition had not been fulfilled, and the evidence showed that there was not a substantial compliance with it. The defendant established by a preponderance of evidence that he had suffered damages by the failure to comply with the contract. *Held*, that a verdict for the contractor for the balance of the price sued for was contrary to the evidence.

Appeal from trial term.

Action by John Charlton and another against George L. Rose. From a judgment for plaintiffs, and an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Arthur J. Baldwin, for appellant.

W. B. Simson, for respondents.

GREEN, J. On November 2, 1892, a contract was made between the defendant and Joseph L. Chamberlain, whereby the latter agreed to build for the defendant a house in Yonkers, N. Y., agreeably to certain drawings and specifications made by the defendant's architect, and signed by both parties to the contract. The house was to be completed on or about March 1, 1893, in a good, workmanlike, and substantial manner, to the satisfaction and under the direction of the architect, to be evidenced by a writing or certificate under his hand. The contractor was to furnish and provide good and sufficient material, as should be proper and sufficient for completing and finishing the carpenter work and other work of the building mentioned in the carpenter's specifications. The owner agreed to pay therefor the sum of $4,670, in payments of specified amounts and times. It was also provided in the contract that in every case, before payment was made, a certificate should be obtained and signed by the architect; that the contractor should furnish a satisfactory release before each payment, guarantying that all claims against him on the building had been satisfied; and that the statement should be sworn to before a notary public. It was further provided by the contract that the owner, at any time during the erection of the building, might request any alteration, deviation, addition to or omission from the contract, and that the same should in no way affect or make void the contract, but should be added to or deducted from the amount of the contract, as the case might be, by a fair and reasonable valuation. The contractor erected the house. Payments were made at various times, until, on or about the time when the contractor claimed

to have completed the building in accordance with the contract, there remained but the sum of $72.35 unpaid upon the contract. During the erection of the building, extra work was ordered by the owner, and the contractor performed such extra work, to the amount, as he claims, of $303.41. No part of the amount charged for extra work was ever paid. After the completion of the extra work, and after the completion, as claimed by the contractor, of the house, the latter assigned the contract, and the claim for extra work thereunder, and all interest in the same, to these plaintiffs, who had furnished a large amount of the material used in the construction of the building. Thereafter this action was brought. The plaintiffs, in their complaint, allege the making of the contract, and a full performance of the same on the part of the contractor; that there was a balance of $72.35 unpaid upon the said contract, and $303.41 for and on account of such extra work; and they demand judgment for the sum of $375.76, with interest. The defendant, in his answer, denies all the allegations of the complaint, saving and excepting the making of the contract, which he admits, and alleges that he suffered damages to the extent of $600 by reason of the unskillful and unworkmanlike manner in which the work had been performed by the contractor upon the building, and by reason of the nonfulfillment of the conditions and covenants contained in the contract to be performed on the part of the contractor, and demands a dismissal of the complaint.

Upon the trial of the action it became apparent to the plaintiffs that they could not substantiate the allegation in their complaint that the contract had been fully performed by the contractor; and thereupon the plaintiffs were permitted to give evidence tending to show a substantial performance of the contract, and a waiver by the owner of certain conditions of the contract to be performed by the contractor. The defendant objected to such evidence as "irrelevant, immaterial, and incompetent." The objection was overruled, and an exception taken by the defendant. After the evidence was closed, a motion was made on behalf of the plaintiffs to conform the pleadings to the proof. This motion was granted, under objection and exception of defendant. This the defendant alleges to be error. In support of his contention he cites numerous cases to the effect that "a motion, after the close of the evidence, to conform the pleadings to the proof, can never be granted where the admission of the evidence was promptly objected to, when offered, upon the ground that it did not tend to support the allegations of the pleadings." This is the rule, correctly stated; but it does not assist the defendant, for the reason that no objection was made by him that the evidence was inadmissible upon the ground that it did not tend to support the allegations of the pleadings. There is no case that holds that the pleadings may not be conformed to the proof, where the sole objection to the evidence is that it is incompetent and immaterial. In Uertz v. Manufacturing Co., 35 Hun, 116, in dealing with this question, the learned court says, "The objection interposed, as 'incompetent and immaterial,' is insufficient to raise the question," and cites Gibson v. Stetzer, 3 Hun, 539; Atkins v. Elwell, 45 N. Y. 753: "Objections, to be available on this appeal, must point out the partic-

ular reason why the evidence is inadmissible, unless it is inadmissible for any purpose." In order to raise and avail himself of this question, the defendant should have specifically stated, as the ground of his objection to this class of evidence, that it did not tend to support the allegations of the complaint. This the defendant failed to do, and the court properly ruled upon the question as presented, and would have been justified in granting the motion of the plaintiff at the close of the evidence to conform the pleadings to the proofs if a formal amendment had been proposed. This was not done, and it is impossible to tell how, or in what manner, the complaint was amended. When an amendment to a pleading is granted on the trial, it should be written out, and directed to be inserted in the proper place in the pleading to be amended; otherwise it is impossible for an appellate court to determine what effect it should be given.

It is further claimed by defendant that the verdict of the jury is for excessive damages, and contrary to the evidence. By the terms of the contract and the specifications, which are made a part thereof, the contractor was to perform the work "in the most substantial and workmanlike manner, and with material best fitted for each and every purpose." The contractor admits that he has not fulfilled this condition of the contract. The evidence in the case tends to show that there has not been a substantial compliance with this condition of the contract. The defendant established by a preponderance of evidence that he suffered damages to a considerable extent by reason of the unskillful manner in which some of the work upon the house was performed, and by reason of imperfect and inferior material used in portions of the structure. The jury, however, rendered a verdict for the full amount claimed by the plaintiffs. The verdict is clearly contrary to the weight of evidence, and the damages, as fixed by the jury, are excessive.

The judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide the event of the action. So ordered. All concur, except WARD, J., not voting.