(86 App. Div. 349.)

ROWE v. GERRY et al.

(Supreme Court, Appellate Division, Second Department.   July 24, 1903.)

1. PLEADING—CONFORMING TO EVIDENCE—AMENDMENT.
    A motion, after the close of the evidence, to conform the pleadings to
    the proof, cannot be granted where the evidence was objected to, when
    offered, on the ground that it did not support the allegations of the
    pleading.

2. VARIANCE—ACTION ON CONTRACT—PLEADING AND PROOF.
    In an action by a contractor to recover on a building contract, where
    the complaint alleged performance according to the terms of the contract,
    it was error to admit, over objection, evidence tending to show excuses
    for failure to perform.

3. BUILDING CONTRACT—PERFORMANCE—ABANDONMENT—ACTION BY CONTRACT-
    OR—RECOVERY
    Where, in an action by a contractor on a building contract, it appears
    that he abandoned the work, unless he has completed the building with-
    out any omissions so substantial as to call for damages, he is entitled to
    nothing on the ground of substantial compliance, save in subordination
    to the contract permitting the owner to complete the building at the con-
    tractor's expense.

Appeal from Trial Term.

Action by Edward Rowe against Isabel H. Gerry and others.
From a judgment in favor of plaintiff and defendants other than Isabel
H. Gerry, the latter appeals.   Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS,
WOODWARD, and HOOKER, JJ.

Henry G. K. Heath, for appellant.
Albert F. Gescheidt, Jr., for respondent East Norwalk Lumber Co.
J. Mortimer Bell, for respondents McConnell Manufacturing Co.,
Jacob Haag, and George Hirsch.

WOODWARD, J.   The judgment in this case will have to be re-
versed because of errors in the admission of evidence and in the
amendment of the complaint.   The plaintiff, as the assignee of one
Vantine, a contractor, who had entered into a contract with the de-
fendant Gerry for the construction of a house, brought this action
to foreclose a mechanic's lien, and the other defendants stand upon
his right to recover, as subcontractors and materialmen.   The com-
plaint, among other things essential to a recovery, alleges "that the
said Albert Vantine, contractor, has duly fulfilled all the conditions
of said contract on his part to be performed within the time therein
specified, and as to such time as the performance thereof has been ex-
tended by the owner, and on the 14th day of December, 1901, at the
time of the filing of the lien hereinafter mentioned, and prior to the
commencement of this action, the said Albert Vantine became en-
titled to receive from the defendant Isabel H. Gerry the sum of
$2,062.12, which sum has not been paid," etc.   The other defendants
made the same allegation in substance in their answers.   The de-
fendant Gerry alleged, as a separate defense, that under the contract
the building was to be completed on the 1st day of September, 1901;

¶ 1. See Pleading, vol. 39, Cent. Dig. § 606.

that the said contract was not completed at said time, nor has the same been completed, but said Albert Vantine abandoned said work, and never fully performed the same; that no certificate, from the architect named in the said contract, that the said work had been completed to his satisfaction, or completed at all, was obtained by said Albert Vantine, or this plaintiff, before this action. The issue as thus made up was presented at the trial, and it appeared from the evidence that the allegations of the defendant Gerry were true; that the building had not been completed, and that the certificate of the architect had not been asked for or granted; and that Vantine had abandoned the work before its completion. While it is probably true that the work which was lacking was not specially important, and the court might have been justified in permitting the plaintiff to recover the contract price, less the cost of completing the work under the specifications of the contract (Spence v. Ham, 163 N. Y. 220, 225, 226, 57 N. E. 412, 51 L. R. A. 238), the difficulty presented on this appeal is that the learned referee permitted the plaintiff, under a complaint which alleged full performance, to give evidence of nonperformance and excuses for such nonperformance, and this over the specific objection of the defendant that the evidence did not tend to support the allegations of the complaint; and, after this testimony had been admitted over the objection and exception of the defendant, the plaintiff was permitted to amend his complaint to conform to the facts thus proven, notwithstanding the objections and exceptions of the defendant. In Charlton v. Rose, 24 App. Div. 485, 487, 48 N. Y. Supp. 1073, it was stated to be the rule that a motion after the close of the evidence to conform the pleadings to the proof can never be granted where the admission of the evidence was promptly objected to, when offered, upon the ground that it did not tend to support the allegations of the pleadings; and a careful examination of the cases called to our attention by the plaintiff and respondents does not disclose a single instance in which this rule is questioned or departed from. On the contrary, it is insisted that a recovery may be had only secundum allegata et probata. Schnaier v. Nathan, 31 App. Div. 225, 226, 52 N. Y. Supp. 812, and authorities there cited. In Elting v. Dayton (Sup.) 17 N. Y. Supp. 849, cited in the case above, it was said:

"An allegation in a complaint that the terms of a contract have been fully complied with does not authorize proof that it has not been complied with, because of certain facts in respect to which no mention is made in the pleadings. * * * The only issue tendered by a pleading containing this allegation is as to completion of the contract, not to excuses for nonperformance"—

And when the learned referee overruled the objection that the evidence offered did not tend to support the allegations of the complaint, and permitted the plaintiff to introduce excuses for nonperformance, as was done repeatedly, he introduced errors into the record which call for a reversal of the judgment.

The plaintiff's assignor had entered into a contract which called for the certificate of the architect as a condition precedent to the right to recover the final payment. It is not alleged in the complaint that such certificate has been granted, nor is any excuse pleaded why it has been impossible for the plaintiff to secure such certificate; and,

as the contract required this certificate, the plaintiff could not recover upon an allegation of performance upon proving that the building had been completed, without procuring the architect's certificate, or show-ing ·that it had been unreasonably refused, or that the defendant had waived its production. Weeks v. O'Brien, 141 N. Y. 199, 203, 36 N. E. 185. But in the case at bar it appears that there is not only a failure in this respect, but that the plaintiff's assignor abandoned the work, so that, unless he had completed the work without any omission so substantial in its character as to call for an allowance of damages, he is entitled to nothing upon the grounds of substantial compliance (McGrath v. Horgan, 72 App. Div. 152, 155, 76 N. Y. Supp. 412, and authorities there cited), except in subordination to the contract, which permits the defendant to complete the building at the expense of the contractor. See Fox v. Davidson, 36 App. Div. 159, 162, 163, 55 N. Y. Supp. 524.

The judgment appealed from should be reversed, and a new trial granted, costs to abide the final award of costs. All concur.