·(43 Misc. Rep. 16.)

## MAEDER ·v. WEXLER.

(Supreme Court, Appellate Term. February 23, 1904.)

1. REPLY—CONSTRUCTION.

The reply to an answer setting up as a bar a judgment in another action "that the value of, and what work, labor, and materials this plaintiff did and performed as alleged in the complaint herein, has never been tried, determined, passed on, or judgment given therefor either in said action mentioned in the answer herein or by or in any other court," is not a denial that the labor and material embraced .in the second action were included in the first.

2. ACTION ON CONTRACT—SUBSEQUENT ACTION FOR REASONABLE VALUE.

Judgment for defendant in an action on a building contract because of failure to prove performance is not a bar to an action for the reasonable value of the work actually performed and the materials actually furnished.

3. SPLITTING CAUSE OF ACTION.

Where one sues on a building contract, and recovers only for extras, because complete performance of the contract was not shown, a subsequent action for the value of what was done under the contract is not barred under the rule against splitting demands arising out of the same contract.

Appeal from City Court of New York, Special Term.

Argued before FREEDMAN, P. J., and GIEGERICH and Mc- ·CALL, JJ.

Merrill & Rogers (Payson Merrill, of counsel), for appellant.

Langbein & Langbein (Leonard J. Langbein, of counsel), for respondent.

GIEGERICH, J. The action is brought to recover the reasonable value of labor and material furnished by the plaintiff in painting and papering a row of houses. Prior to beginning this action the plaintiff had sought, in an action against the defendant and others, to foreclose a mechanic's lien against the houses in question for work and materials, including those sued for now. In that action it was expressly adjudged that there could be no recovery for the work and materials embraced in this action, for the reason that the contract had not been performed, nor substantially performed. That judgment was set up as a bar in a separate defense in the answer here, to which defense the plaintiff made the following reply: "That the value of, and what work, labor, and materials this plaintiff did and performed as alleged in the complaint herein, has never been tried, determined, passed upon, or judgment given therefor either in said action mentioned in the answer herein or by or in any other court." There is considerable debate in the briefs as to whether or not this is a denial that the labor and materials embraced in this action were included in the other. The plaintiff insists that it is such a denial, but we do not so construe the pleading, though we do not think it is material whether or not it is such a denial. It is simply an averment that the court in the former action did not determine what work and materials were furnished as alleged in the present complaint. Of course, that question was not determined, nor entertained even, the court deciding that the contract had not been substantially performed, and, as that action was on the contract, alleging performance, there was nothing left to do but to dismiss the complaint, as to that branch of the action, without attempting to proceed and ascertain what was done and what should be paid for it. That action was on contract, and, failing to prove performance, the plaintiff could not in the same action fall back on another theory, and prove, for instance, an excuse for nonperformance, and recover on a quantum meruit. Spence v. Ham, 163 N. Y. 220, 57 N. E. 412, 51 L. R. A. 238; Hollister v. Mott, 132 N. Y. 18, 29 N. E. 1103; Rowe v. Gerry, 86 App. Div. 349, 83 N. Y. Supp. 740; Deane v. Clark, 84 App. Div. 450, 82 N. Y. Supp. 902; Schnaier v. Nathan, 31 App. Div. 225, 52 N. Y. Supp. 812; Morowsky v. Rohrig, 4 Misc. 167, 23 N. Y. Supp. 880. In the present form of action, however, we can discover no reason why he should not be at liberty to attempt to recover for the reasonable value of the work actually performed and the materials actually furnished. Whether he can recover or not, depends, of course, upon the respective proofs he and his adversary can make.

The defendant also urges that, as the plaintiff in the former action recovered for certain extra work outside the contract which covered the work now sued for, but upon the same buildings, he is barred from maintaining the present action by the principle which forbids a plaintiff to split demands arising out of the same contract. We do not think that rule applies, or ought to apply, in this case. The plain-

tiff attempted to combine all his demands arising out of the entire transaction in a single suit, those on contract as well as those for extra work. He has not sought to vex the defendant by separate actions, but the contrary. The fact that he failed to recover on a part of his claim on the theory first attempted ought not to debar him from trying again on any other ground that the law recognizes and permits. "The institution by a party of a fruitless action, which he has not the right to maintain, will not preclude him from asserting the rights he really possesses." Kinney v. Kiernan, 49 N. Y. 164; McNutt v. Hilkins, 80 Hun, 235, 29 N. Y. Supp. 1047; Empire Manufacturing Company v. Moers, 27 App. Div. 464, 50 N. Y. Supp. 691.

The appellant urges that, if the judgment be not reversed, at least it should be modified by permitting a withdrawal of the demurrer, so that he may be at liberty upon the trial to show that the work involved in this action is the same work covered by the former action, and that the issues involved in this action were actually tried in the former action. The first proposition is immaterial, while the second, it is obvious from the defendant's answer, he cannot maintain. If the only facts he can offer in support of it are those pleaded in his answer, viz., the prosecution of the former action based on the allegation of performance of the contract, those facts are insufficient. If he has additional and other facts, proof of them would be inadmissible because they are not pleaded. The judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.