(109 App. Div. 153.)

### ROWE v. GERRY et al.

(Supreme Court, Appellate Division, Second Department. November 17, 1905.)

1. MECHANICS' LIENS—ENFORCEMENT—APPEAL—ERRORS REVIEWABLE—MATTERS NOT RAISED BELOW.

   In an action to enforce a mechanic's lien, where plaintiff showed substantial, but not complete, performance, defendant could not contend, on appeal, that plaintiff should have alleged and proved the cost of completing the work, where there was no contention that the amount allowed for such completion was inadequate, and defendant permitted the evidence to stand in the lower court without contradiction or question, and did not specially call that court's attention to the matter.

2. TRIAL—SUBMISSION OF CASE—EFFECT.

   A defendant who consents to the submission of the case on evidence admitted on a former trial stands in no better position than one who goes to the jury without moving to dismiss the complaint and concedes that there are questions of fact to be determined.

Appeal from Special Term, Westchester County.

Action to enforce a mechanic's lien by Edward Rowe against Isabel H. Gerry and others. From a judgment in favor of plaintiff and of certain defendants, defendant Gerry appeals. Affirmed.

See 83 N. Y. Supp. 740; 95 N. Y. Supp. 859.

Argued before HIRSCHBERG, P. J., and WOODWARD, HOOKER, RICH, and MILLER, JJ.

Henry G. K. Heath, for appellant.

J. Mortimer Bell, for respondents East Norwalk Lumber Co. and others.

WOODWARD, J. The judgment from which this appeal is taken is based upon the same facts which appeared in evidence upon a former trial; the pleadings having been amended to permit the admission of evidence to show that the plaintiff had substantially performed his contract to construct a dwelling house for the defendant Gerry. Upon the former trial the learned referee, upon a complaint which alleged full performance of the contract, permitted the plaintiff to show that there was merely a substantial performance, with excuses for failure to perform, over the objection and exceptions of the defendant Gerry, and the judgment was reversed because of this manifest error. Upon the second trial the case was submitted upon the evidence in the first trial, the complaint having been amended so as to make competent the evidence in reference to substantial performance, and the learned court

below has decided that the plaintiff and the subcontractors, defendants and respondents, are entitled to judgment.

It is now urged that this court, by reason of some matters suggested in its opinion on the former appeal (Rowe v. Gerry, 86 App. Div. 349, 83 N. Y. Supp. 740), has conclusively established the law of this case, and that it was there held that the plaintiff had abandoned his contract. We are unable to agree with this contention. The question upon which the appeal was decided was a technical one, and related entirely to the error in receiving evidence over the objection and exception of the defendant Gerry, which was clearly inconsistent with the cause of action asserted. The case, as it was pleaded on the former trial, set up the alleged performance of the contract, and that performance required not only the doing of all of the work contemplated by the contract, but it was made a condition precedent that the plaintiff should secure the certificate of the architect named in the contract before he should be entitled to his pay, and this certificate was not produced. It was in reference to this condition of affairs that we said, in discussing the case, that:

"It appeared from the evidence that the allegations of the defendant Gerry were true; that the building had not been completed, and that the certificate of the architect had not been asked for or granted; and that Vantine had abandoned the work before its completion."

That is, he had quit the work before it was completed in such a manner as to secure the architect's certificate, not that he had abandoned the contract and all rights under it, if he had, in fact, substantially performed the same, for it was said:

"While it is probably true that the work which was lacking was not specially important, and, were the pleading for a substantial compliance, the court might have been justified in permitting the plaintiff to recover the contract price, less the cost of completing the work under the specifications of the contract (Spence v. Ham, 163 N. Y. 220, 225, 226, 57 N. E. 412, 51 L. R. A. 238), the difficulty presented on this appeal is that the learned referee permitted the plaintiff, under a complaint which alleged full performance, to give evidence of nonperformance and excuses for such nonperformance, and this over the specific objection of the defendant that the evidence did not tend to support the allegations of the complaint," etc.

This was the extent of our decision, and it was fully recognized that, under the evidence as the referee had considered it, there was room for holding that the plaintiff had substantially performed his contract, and that he was entitled to his pay, less the small amount which would be necessarily expended in completing some minor details.

There is no dispute that the amount allowed for the completion of the work, $64.75, is adequate, this consisting of a little painting and some trivial matters, and we are of opinion that the suggestion that it was the duty of the plaintiff to allege and prove the actual cost of completing the work, under the facts disclosed by the evidence in this case, is without merit. The defendant appellant, if she had desired to raise this question, should have called it specially to the attention of the court, and not permit the evidence to stand without contradiction or question, and then attempt to urge objections upon appeal. There was, as we believe, a case of substantial performance under the authority cited above. This was clearly indicated in our former discussion of

this case, and the appellant, having consented to submit the case upon the evidence erroneously admitted under the former pleadings, is hardly in a position to question the judgment. She is in no better position than one who goes to the jury in the absence of a motion to dismiss the complaint. There is a concession that there are questions of fact to be determined, and in the case now before us the court has determined, upon the evidence which is unquestioned and as to which there are no objections or exceptions under the pleadings as they now stand, that the plaintiff substantially performed his contract, and that he is entitled to the contract price, less the amount necessary to complete the work.

Upon a consideration of the whole case, we are persuaded that the result reached is in harmony with substantial justice, and that the judgment should be affirmed.

The judgment appealed from should be affirmed, with costs. All concur.