(109 App. Div. 156.)

## ROWE v. GERRY et al.

(Supreme Court, Appellate Division, Second Department. November 17, 1905.)

COSTS—ORDERS DIRECTING PAYMENT—CONDITIONS OF PERMITTING AMENDMENT.
    Code Civ. Proc. § 3251, prescribes the costs upon the trial of an action upon appeal to the Appellate Division and upon a new trial. An order of the Appellate Division, reversing a judgment in favor of the lienors in a suit to enforce a mechanic's lien, granted a new trial, with "costs to abide the final award of costs." Subsequently the lienors were granted permission to amend their complaint so as to set up a substantial performance of the contract, instead of a complete performance, on condition that they should pay all costs and disbursements subsequent to the service of the complaint, and also the costs and disbursements of the appeal. The lienors accepted the benefits of the order without appeal, and recovered judgment, which they could not have recovered under their complaint as originally framed and as it stood at the time of the order of reversal. *Held*, that the lienors were entitled to costs on the retrial, but could not tax as part of their costs the costs and disbursements on the original trial and appeal.

Appeal from Special Term, Westchester County.

Action by Edward Rowe against Isabel Gerry and others. From an order denying a motion for the retaxation of costs, certain defendants appeal. Affirmed.

See 95 N. Y. Supp. 857.

Argued before BARTLETT, WOODWARD, RICH, and MILLER, JJ.

J. Mortimer Bell, for appellants.
Henry G. K. Heath, for respondent Isabel H. Gerry.

WOODWARD, J. The plaintiff, as the assignee of the contractor, and the defendants McConnell Manufacturing Company, Jacob Haag, George Hirsch, East Norwalk Lumber Company, and William Edinger, as subcontractors, all lienors, began an action in December, 1901, to foreclose a certain mechanic's lien upon the property of the defendant Isabel H. Gerry. The complaint alleged full performance of the

860            **95 NEW YORK SUPPLEMENT**        (Sup. Ct.
and 129 New York State Reporter

contract, and the trial resulted in a judgment in favor of the lienors, which was subsequently reversed upon the ground of error in the admission of evidence intended to support an action for substantial performance of the contract. The order of reversal granted a new trial, with "costs to abide the final award of costs." Subsequently. the lienors moved the court for permission to amend their complaint, setting up substantial performance of the contract, and this motion was granted, upon condition that the lienors should pay "all costs and disbursements subsequent to the service of the complaint herein, and also the costs and disbursements of the appeal to the Appellate Division, to be taxed by the clerk of the court." The lienors accepted this order and proceeded to trial under their amended complaint, and the trial resulted in a judgment in favor of the plaintiff and other lienors.

The question presented on this appeal is whether the lienors are entitled to tax, as a part of their costs in the last action, the costs and disbursements upon the previous trial and upon appeal to the Appellate Division, and to the costs of the new trial under section 3251 of the Code of Civil Procedure. We are of opinion that the plaintiff and his fellow lienors by accepting a favor upon the terms named by the court, without appeal, waived any right to tax the costs which had accumulated prior to the granting of the order. As the case stood at the time of the motion, they had no cause of action upon which they could recover. The order granting permission to amend the complaint gave them the first right to recover. It was, in effect, setting up a new cause of action, just as much as though they had abandoned their case and started anew; and, having accepted this favor on the terms named by the court, it is difficult to understand now how they can be entitled to impose the costs of an entirely useless litigation upon the defendant Gerry. She had a perfect defense to the cause of action set up in the complaint. She had a perfect right to avail herself of a technical defense; and, having succeeded in her defense, she was fairly entitled to the costs in that action and upon appeal, which appeal was made necessary by the error of the learned referee upon the trial. The lienors did not elect to have a new trial of the cause of action set forth in their pleadings as they existed at the time the appeal was disposed of; they did not even move for an amendment of the pleadings in a mere matter of detail, not affecting the merits of the case; but they asked and received permission to set up in effect a new and different cause of action, thus practically abandoning their rights under the order of reversal, and by this action they elected to pay the costs imposed as a condition by the court and to stand upon their rights under the plea of substantial performance. Upon this new issue they have succeeded, and they are entitled to their costs in this action, but they have no right to go back and collect costs upon a cause of action in which they were defeated. This is clearly the law as laid down by the cases in this state. Fox v. Davidson, 40 App. Div. 620, 58 N. Y. Supp. 147; McEntyre v. Tucker, 40 App. Div. 444, 58 N. Y. Supp. 146; Lindbald v. Lynde, 81 App. Div. 603, 605, 81 N. Y. Supp. 351, and authorities there cited.

The order appealed from should be affirmed, with costs. All concur.