(55 Misc. Rep. 294)

NEW JERSEY CO. v. NATHANIEL WISE CO.

(Supreme Court, Appellate Term.  June 27, 1907.)

1. CONTRACTS—SUBSTANTIAL PERFORMANCE—TIME OF PERFORMANCE.

The delivery of brick, under a contract providing that the brick should be delivered not later than a day named, on the day succeeding at 6:25 a. m., constituted a substantial performance of the contract.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, § 1352.]

2. SAME—ACTION FOR BREACH—PLEADING AND PROOF—EXCUSING PERFORM-
ANCE.

Where a contract has been substantially performed, the rule that evi-
dence excusing performance cannot be given, if performance is alleged,
has no application.

· [Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, § 1732.]
Brady, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Seventh
District.

Action by the New Jersey Company against the Nathaniel Wise
Company for breach of contract. From a judgment for plaintiff, de-
fendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and
BRADY, JJ.

Sackett & Lang, for appellant.
Maston & Nichols, for respondent.

SEABURY, J. I think this judgment should be affirmed. The let-
ter of May 18th confirmed the sale, calling for delivery on June 20th.
The attempt of the defendant, in its letter of June 7th, to repudiate
the contract, did not relieve it of its obligation. When the plaintiff re-
fused to permit the defendant to repudiate its contract, the defendant
wrote, consenting to do that which it was obliged to do, but insisting
that delivery should be made "not later than June 20th." The origi-
nal contract was expressed in the letter of May 18th, and the subse-
quent communications did not alter the legal rights of the parties.
Upon the strictest construction possible, the plaintiff had until mid-
night, June 20th, within which to make delivery. The delivery of the
bricks at 6:25 a. m. on June 21st was such a substantial performance
as was contemplated by the original contract. While, in an action at
law upon an executory contract, time is regarded as of the essence,
yet this rule does not require that the parties shall not have such rea-
sonable latitude as is usual among business men. The contract is to
be given a reasonable construction, with a view to giving effect to the
intention of the parties at the time of making the contract. The al-
lowance of such reasonable latitude is as much a provision of the con-
tract as if it were expressed therein. A contrary construction would
fail to give effect to the intention of the parties. As well said in Fur-
long v. Barnes, 8 R. I. 226:

"A contract is not to be construed like a railway time table. The parties
to it need not be punctual to a minute, unless the contract calls for that de-
gree of punctuality to carry out its purposes; but it is enough that they are
on hand so as to keep their agreement, as regards the time, according to its
substance and spirit, and it is the duty of each party to conduct with good
faith and reasonable liberality towards the other."

In this case the delivery which was made by the plaintiff was a com-
pliance with the terms of the contract according to its spirit, and the
refusal of the defendant to accept the bricks which were delivered was
not made in good faith. In view of the circumstances under which

the bricks were delivered, no damages resulted to the defendant, and the absence of good faith on the part of the defendant is evident from its previous attempt to repudiate its contract. The delivery was a few hours late, but was made before the commencement of the business of the next day. There is no suggestion in the record, nor is it claimed by the defendant, that it was damaged by reason of this short delay. No adjudicated case has been called to our attention where so short a delay in making delivery was held to justify a refusal by the vendee to accept the goods contracted for, when the contract itself did not require or depend upon strict punctuality. In Buffalo & L. L. Co. v. Bellevue L. & I. Co., 165 N. Y. 247, 59 N. E. 5, 51 L. R. A. 951, after stating the general rule "that, when a party by his own contract absolutely engages to do an act, it is his own fault and folly that he did not thereby provide against contingencies and exempt himself from responsibility in certain events," the court says:

"But there are many contracts from which by their very nature a condition may be implied that a party will be relieved from the consequences of nonperformance in some slight particular, when the obligation is qualified, or when performance is rendered impossible without his fault."

The rule that time is to be regarded as of the essence was originally designed to carry out the presumed intention of the parties. When it is clear that the application of this rule would be contrary to the intention of the parties, the reason for the application of the rule no longer exists, and the rule itself is inoperative. The adoption of a reasonable construction, which gives effect to the original intention of the parties, is more in harmony with the spirit and reason of the general rule than is adherence to a narrow and literal interpretation, which does not effectuate such intention. The time of the delay was so short, and in view of the circumstances of the case so plainly immaterial, that the parties could not have intended the transaction to fail on account of it. If this view be correct, the contract was fairly performed, and it follows that the rule of pleading, that evidence excusing performance cannot be given when performance is alleged, has no application.

The judgment should be affirmed, with costs.

GILDERSLEEVE, P. J., concurs.

BRADY, J. (dissenting). The plaintiff in this action had agreed to deliver to the defendant about 200,000 brick, as evidenced by a writing, marked in evidence "Plaintiff's Exhibit A," as follows, viz.:

"New York, May 18, 1906.

"Messrs. Nathaniel Wise Co., Foot 79th St., East River—Gentlemen: We confirm sale to-day of about 200,000 brick, about like quality we have been delivering you, at $9.50 per thousand, on our boat delivered alongside of your dock, you to unload boat. Terms, cash within ten days after delivery. Delivery to be made by June 20.

"Yours truly,            The New Jersey Company,
                              "Samuel Taylor, Secretary."

On June 8th plaintiff received from defendant the following letter, marked in evidence "Plaintiff's Exhibit C," viz.:

"New York, June 7, 1906.

"New Jersey Company—Gentlemen: Having had so much trouble with the last two cargoes of brick which we bought from you, you will please countermand our order for the last one.

"Very respectfully,                    Nathaniel Wise Company,
                                        "C. G. W., Secretary."

On June 11, 1906, plaintiff sent defendant a letter (Plaintiff's Exhibit B) which contains the following:

"We do not care to cancel the sale of the cargo of brick made to you for delivery about the 20th of June. You will have this cargo on time, and we expect you to take it as per your agreement to do so."

This was followed by a letter from plaintiff to defendant as follows:

"New York, June 16, 1906.

"Messrs. Nathaniel Wise Co., Foot 79th St., East River, New York City—Gentlemen: We are loading the barge Saturn at the works with 200,000 brick to apply on sale to you made May 18th for delivery about June 20th. This boat will be ready to be delivered to you about that date as per sale, and we hereby make formal tender of these brick, and request that you give us your destination, so that we may know where to send her, as these will be ready to leave our factory on Monday or Tuesday of next week.

"Yours truly,                    The New Jersey Company,
                                 "Samuel Taylor, Secretary."

Defendant notified plaintiff on June 18th that it would receive the brick if delivered in time, and sent plaintiff the following letter:

"New York, June 18, 1906.

"The New Jersey Company—Gentlemen: In reply to yours of the 16th inst., will say, if the brick referred to are of good quality and are delivered not later than June 20th inst., in accordance with your letter of May 18, 1906, we will receive them; otherwise, we will not.

"Very respectfully,          ·          Nathaniel Wise Co.,
                                        "C. G. W., Sec'y."

The barge conveying the brick reached defendant's dock at 6:25 a. m. on June 21st. The defendant refused to accept the brick, and after notice the same were sold by plaintiff for defendant's account, the amount realized being $300 less than the contract price, and the plaintiff then brought this action. The pleadings were in writing, and the complaint sets up a contract between the plaintiff and defendant, and alleges due performance. While the letter of defendant in which it sought to rescind the contract might, if nothing further were done by either party, have been sufficient to have relieved the plaintiff from the obligation of making a tender of performance, the correspondence and communications which afterwards followed between the parties had the effect of restoring their original relations as established by the contract. The plaintiff alleges strict performance on its part. The brick were not delivered by the 20th of June as the contract required. Where a plaintiff alleges strict performance on its part, it is not entitled to give evidence excusing nonperformance on his part. Rowe v. Gerry, 86 App. Div. 349, 83 N. Y. Supp. 740. The evidence introduced in this case to excuse performance was received subject to

defendant's objection, and was excepted to by him. No motion to amend the complaint in order to conform to the facts proved was made, and, if such motion had been made, the court was without power to grant it. Rowe v. Gerry, supra.

Judgment ought to be reversed, and new trial ordered, with costs to appellant to abide the event.