### WYCKOFF, CHURCH & PARTRIDGE v. HUGGINS.

(Supreme Court, Appellate Term. February 24, 1910.)

1. PLEADING (§ 240*)—AMENDMENT—DEFINITENESS.

It is the better practice to require an amendment to the pleadings at the trial to be made specific and clear, by putting on the minutes a statement as to exactly what words are stricken out and what inserted.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 636–641; Dec. Dig. § 240.*]

2. TRIAL (§ 252*)—INSTRUCTIONS—EVIDENCE.

Where defendant, in her counterclaim to an action for services in keeping an automobile, pleaded damages to her automobile from a fire in plaintiff's garage, where there was no evidence of the plaintiff's negligence in respect to the fire, it was error to charge that defendant was entitled to a verdict if the jury found plaintiff negligent as to the fire.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 606; Dec. Dig. § 252.*]

3. PLEADING (§ 237*)—AMENDMENT—AMENDMENTS TO CONFORM TO PROOF.

In a suit for services and materials furnished to defendant, an automobile owner, the answer set up as a counterclaim that by plaintiff's negligence defendant's car was injured by fire in plaintiff's garage, and as an affirmative defense that by a compromise agreement between the parties the damages were fixed at a named sum, which it was first alleged the plaintiff agreed to pay in money, and later alleged that they agreed to pay by rendering services and furnishing materials, and the evidence showed that the car suffered by two different fires in the garage, the second of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r·Indexes

which was in no way due to plaintiff's negligence, and that relating to the compromise agreement was conflicting, and when viewed in a light most favorable to defendant it sustained only the averments that the amount agreed upon in the compromise was not to be payable in cash, but in services and materials, none of which it appeared defendant had ever demanded. *Held*, that the facts did not justify an amendment to the answer by incorporating in the counterclaim the facts as set forth in the answer, and which defendant claimed to have been established by the testimony.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 603; Dec. Dig. § 237.*]

Appeal from City Court of New York, Trial Term.

Action by Wyckoff, Church & Partridge, a corporation, against Mary E. Huggins. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and WHITNEY, JJ.

Fletcher, McCutchen & Brown (George H. Fletcher and James H. Richards, of counsel), for appellant.

Hugo Wintner (William P. Pickett and Peter A. Hatting, of counsel), for respondent.

WHITNEY, J.   Plaintiff, an automobile garage corporation, sued for services and materials furnished to defendant, an automobile owner, including storage of her car. Its claim, amounting to $948.64, is admitted. The answer sets up as a counterclaim that by plaintiff's negligence the car was so badly burned in the garage that it cost $3,019.06 to repair. As an affirmative defense it further sets up that after the fire, by a compromise agreement between the parties, the damages were fixed at $2,300. This sum it first alleges that defendant agreed "to pay," but later on it alleges specifically that the sum was to be "paid and satisfied" by rendering services and furnishing materials "in and about the storage of automobiles and other things connected with the business of keeping an automobile garage."

On the trial it appeared that the car suffered by two different fires in the garage on the same day. Concededly there was no proof that the second and larger fire was due to plaintiff's negligence. There was no proof indicating that the injury from the first fire was more than $300. As to the alleged compromise agreement, the evidence was conflicting. That on defendant's side was weak, and it is not at all clear that the officer who is alleged to have represented the plaintiff had authority to do so. Viewing it in the light most favorable to defendant, the evidence but sustained the averments of the answer, namely, that the $2,300 was to be paid, not in cash, but in services and materials. It is not shown that plaintiff, after furnishing the services and materials sued for, was ever called upon to furnish any more. The last item furnished was more than two years before suit.

At the close of the case, defendant was permitted, over plaintiff's exception, "to amend our answer by incorporating in the counterclaim the facts as are set forth in the answer, and which we claim to have been established by the testimony." It is the better, although not the

common, practice to require an amendment to the pleadings at the trial to be made specific and clear, by putting on the minutes a statement as to exactly what words are stricken out and what inserted (Ballou v. Parsons, 11 Hun, 602, 605; Charlton v. Rose, 24 App. Div. 485, 488, 48 N. Y. Supp. 1073)—a course especially important when, as often occurs, there will have to be another trial on the amended pleadings. Granting an amendment so vague as that here under consideration was not far from equivalent to an instruction to a jury that the pleadings in the case were to be disregarded altogether. We think it was error to allow the amendment, both because it was too vague, and because there was no testimony justifying it. Its only apparent object was to enable defendant to demand a money judgment on the alleged compromise; yet that compromise depended entirely on the testimony of defendant's husband and son, the former of whom testified, as to the $2,300, that plaintiff was "unable to pay money," and she was to "take it out in trade, \* \* \* either in automobile supplies, the storage of cars, or repairs to cars we then owned"; while the latter also testified that "it was to be taken out in trade, \* \* \* in either a new car, or in storage, repairs, and supplies."

The trial judge then proceeded to charge the jury that, if they found that the compromise had been made and violated, their "verdict must be for the defendant in the difference between $948.64 and $2,300"; and they found a verdict for precisely that difference. No exception was taken by defendant's counsel, perhaps because he thought that his exception to the amendment to the answer covered the case. The result was a judgment sustained neither by the pleadings nor by the evidence, and which, if necessary, we should be inclined to reverse under the general power of the court in case of gross injustice. It is not necessary to appeal to this power, however, because the court also left to the jury the question whether, if the compromise agreement was not found, they could find a verdict for the defendant on the ground of negligence of plaintiff in respect to the second fire. This was duly excepted to, and, as there is admittedly no proof of negligence, it, of itself, is enough to require the judgment to be reversed and a new trial ordered.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.