FRANK W. MOLLOY, Respondent, v. VILLAGE OF BRIARCLIFF MANOR, Appellant.

Pleading — amendments — when laches in making motion for amendment is within discretion of the trial judge — when not allowable — Labor Law — pleading — violation of provision forbidding more than eight hours' labor per day upon municipal work, how pleaded.

1. Whether plaintiff's laches in making a motion for an amendment of his pleadings should be overlooked and excused rests in the discretion of the trial judge, but it is a rule superior to the exercise of such discretion that a party shall not be allowed to have his pleading amended when the result will be to deprive his adversary of a valid objection to the admission of evidence under the pleading as it stood before amendment.

2. It does not rest with a plaintiff to prove as part of his case that he has complied with and has not violated a condition subsequent, but it rests with the defendant seeking to prove an avoidance of a valid contract by breach of such a condition to plead the same.

3. A party seeking to recover on a contract valid on its face is not required to show that he has not been guilty of such a violation of some general statute as would bar a recovery, but the defendant claiming such violation must plead the same as an affirmative defense.

37

4. A defense that a contractor for municipal work violated the Labor Law by requiring or permitting his employees to work more than eight hours a day must be pleaded as an affirmative defense, and the answer must negative the application of the exception in the statute with respect to extraordinary emergencies. (Labor Law, § 3; Cons. Laws, ch. 31.)

*Molloy* v. *Village of Briarcliff Manor*, 158 App. Div. 456, affirmed.

(Argued March 6, 1916; decided April 11, 1916.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered November 5, 1913, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William Woodward Baldwin* for appellant. The court erred in allowing the plaintiff to amend the complaint. (*Dennison* v. *Musgrave*, 26 Misc. Rep. 871; *Barnes* v. *Seligman*, 55 Hun, 339; *Beard* v. *Tilghman*, 66 Hun, 12; *Rutty* v. *Consol. Fruit Jar Co.*, 52 Hun, 492; *Ward* v. *Bronson*, 126 App. Div. 421; *Charlton* v. *Rose*, 24 App. Div. 485.) Evidence that the plaintiff permitted or required his employees to work more than eight hours per day was admissible under the allegations of the complaint and the denials in the answer. (*People ex rel. W. E. & C. Co.* v. *Metz*, 193 N. Y. 148; *Vil. of Medina* v. *Dingledine*, 211 N. Y. 24; *People ex rel. Cossey* v. *Grout*, 179 N. Y. 417; *People ex rel. Rodgers* v. *Coler*, 166 N. Y. 1; *Williams* v. *Fire Assn. of Phila.*, 119 App. Div. 573; *Moore Stave Co.* v. *Mosson Co.*, 57 Misc. Rep. 648; *La Chicotte Co.* v. *Richmond R. & E. Co.*, 15 App. Div. 380; *Ketcham* v. *Belding*, 58 App. Div. 295; *Bogardus* v. *N. Y. L., etc., Co.*, 101 N. Y. 328.) The second and separate, defense was a sufficient pleading of the violation of the Labor Law, and the trial court erred in excluding evidence of such violation on the ground that the defense was not well pleaded. (*Shaw* v.

*Tobias,* 3 N. Y. 188; *Bogardus* v. *Trinity Church,* 4 Paige, 178; 15 Wend. 111; *Bayard* v. *Smith,* 17 Wend. 88; Chitty on Pleading [16th Am. ed.], 237; *Bell* v. *Yates,* 33 Barb. 627; *Piper* v. *Hoard,* 107 N. Y. 67; *Camp* v. *Smith,* 136 N. Y. 187; *Carroll* v. *State,* 50 Ala. 401; *United States* v. *Cook,* 17 Wall. 168; *People ex rel. W. E. & C. Co.* v. *Metz,* 194 N. Y. 145; *Veeder* v. *Mudgett,* 95 N. Y. 295; *Pennsylvania R. R. Co.* v. *Titus,* 216 N. Y. 17.) Plaintiff having amended his complaint at the trial, the court's denial of defendant's motion for leave to amend its answer was reversible error, such amendment being a matter of right and not of favor. (*T. & F. Ins. Co.* v. *Jenkins,* 8 Paige, 589; *Morton* v. *Bartling,* 9 Pac. Rep. 146; *Devereux* v. *Peterson,* 106 N. W. Rep. 249; *Wright* v. *Hollingsworth,* 1 Pet. 165; *Fredericks* v. *Kreuder,* 137 App. Div. 325.)

*L. Laflin Kellogg* and *Alfred C. Petté* for respondent. No error was committed in allowing the plaintiff to amend his complaint. (Code Civ. Pro. § 539; *Martin* v. *Home Bank,* 160 N. Y. 190; *Logan* v. *Berkshire Apartment House,* 3 Misc. Rep. 296.) Evidence that the plaintiff permitted or required his employees to work more than eight hours per day was properly excluded under the allegations of the complaint and the denials in the answer. (*People ex rel. Rodgers* v. *Coler,* 166 N. Y. 1; *People ex rel. Cossey* v. *Grout,* 179 N. Y. 417.) Proof of compliance with the statute was not part of the plaintiff's case, nor could lack of compliance therewith be proved under the denials contained in the answer, but any defense based thereon must be pleaded affirmatively. (*Milbank* v. *Jones,* 127 N. Y. 370; *Honegger* v. *Wettstein,* 94 N. Y. 252; *McNulty* v. *City of N. Y.,* 168 N. Y. 117; *Hayner* v. *Town of Schaghticoke,* 126 App. Div. 498; *Cooley* v. *City of New York,* 85 App. Div. 107; *Ocorr & Rugg Company* v. *City of Little Falls,* 77 App. Div. 592; affd., 178 N. Y. 622; *Hunt* v. *City of New*

*York,* 47 App. Div. 295; *Donohue* v. *Syracuse & East-side R. R. Co.,* 11 App. Div. 525.) The second and separate defense was not a sufficient pleading of a violation of the Labor Law, and no error was committed in excluding evidence of such alleged violation. (*Rowell* v. *Janvrin,* 151 N. Y. 60; *People* v. *Stedeker,* 175 N. Y. 57; *People* v. *Kane,* 43 App. Div. 472.)

HISCOCK, J. This action was brought to recover a balance alleged to be due on a contract entered into by the plaintiff with the defendant for laying pavements, building bridges and performing other work. This balance consisted largely of amounts claimed to be due for extra or additional work, and without discussing the details of the claim and of the recovery which plaintiff secured it is sufficient to say that we see no reason for reversing the judgment unless one or both of the rulings made by the trial judge upon two questions were erroneous, and we shall confine our consideration to them.

We shall assume as claimed by plaintiff and as was held by the Appellate Division on appeal from a former judgment, that the contract between the parties provided for compensation on the "lump sum" basis, so called, and not on the unit price plan. The plaintiff's complaint, however, was framed on the former theory, and notwithstanding the determination of the Appellate Division that this theory was wrong no application to amend the complaint was made before the second and present trial, and over various objections made by defendant plaintiff introduced his evidence under the complaint as thus framed. At the conclusion of his case he made a much delayed application for an amendment of his complaint so that it should conform to the evidence which had been introduced and this motion was granted.

Of course the decision of the question whether plaintiff's laches in making a motion for an amendment of his pleadings should be overlooked and excused rested

entirely in the discretion of the trial judge, but it is a rule superior to the exercise of discretion that a party shall not be thus allowed to have his pleading amended when the result will be to deprive his adversary of a valid objection to the admission of evidence under the pleading as it stood before amendment. (*Barnes* v. *Seligman,* 55 Hun, 339, 349; *Beard* v. *Tilghman,* 66 Hun, 12, 15; *Charlton* v. *Rose,* 24 App. Div. 485.)

Therefore we come to the inquiry whether the defendant had made any valid objections to the introduction of evidence under plaintiff's complaint as it originally stood. We think that it had not. The only objection which is found challenging the form of the complaint is one to the introduction of the agreement between the parties, and which was objected to as incompetent and inadmissible under the contract pleaded in the complaint, and which objection was overruled with exception. As I view it, the introduction of this contract was perfectly proper, for in addition to the provisions which it contained governing the performance of the work originally contemplated and provided for, it also contained clauses fixing the prices at which on the option of the defendant work and material might be added to or subtracted from what was thus originally provided for. As has been stated, a large proportion of the balance which plaintiff was seeking to recover was for such additional work and material, and it was, therefore, not only proper but necessary that he should introduce this agreement for the purpose of establishing the prices at which such work and material should be paid for. I am all the more ready to adopt this view because, while plaintiff seems to have been guilty of laches in making his motion, it is also true that defendant understood perfectly well what his claim was, and, therefore, was not actually any more than technically prejudiced by the amendment.

The next ruling to be considered involved a rule of pleading and is more important.

The defendant claimed on the trial that in carrying out his contract plaintiff required or permitted his employees to work more than eight hours a day in violation of the provisions of section 3 of the Labor Law, (Cons. Laws, ch. 31) and that this violation barred his right to recover. Its offer to introduce evidence in support of this claim, however, was refused on the ground that this defense was not permissible under a general denial of plaintiff's complaint and that it was not sufficiently pleaded as an affirmative defense.

Plaintiff's complaint, after setting forth the contract, alleged that he "proceeded to perform and carry out the said contract and has performed large quantities of work thereunder, and had on or about the 1st day of November, 1907, fully completed the same according to the plans, drawings and specifications as changed and varied by the engineer * * * and said work has been duly accepted by the defendant." These allegations were met by a general denial. It is a familiar rule that plaintiff under such allegations need only prove such facts as are necessary to entitle him to recover, and that defendant under a general denial can only give such evidence as legitimately tends to disprove the facts necessary to be established by the plaintiff. (*Milbank* v. *Jones*, 127 N. Y. 370, 376; *Weaver* v. *Barden*, 49 N. Y. 286.)

Therefore, the real underlying question becomes the one whether plaintiff was obliged to prove as part of his case that he had not violated the Labor Law. If he was not, it is plain that it was necessary for defendant to plead such alleged violation as an affirmative defense. The answer to this question requires in the first instance a consideration of the pertinent provisions of the statute.

That statute provides as follows: "§ 3. Hours to constitute a day's work. * * * Each contract to which the state or a municipal corporation * * * is a party which may involve the employment of laborers, workmen, or mechanics shall contain a stipulation that no laborer,

workman or mechanic in the employ of the contractor subcontractor or other person doing or contracting to do the whole or a part of the work contemplated by the contract shall be permitted or required to work more than eight hours in any one calendar day except in cases of extraordinary emergency caused by fire, flood or danger to life or property. * * * Each contract for such public work hereafter made shall contain a provision that the same shall be void and of no effect unless the person or corporation making or performing the same shall comply with the provisions of this section; and no such person or corporation shall be entitled to receive any sum nor shall any officer, agent or employee of the state or of a municipal corporation pay the same or authorize its payment from the funds under his charge or control to any such person or corporation for work done upon any contract, which in its form or manner of performance violates the provisions of this section. * * * "

The statute thus attempts to enforce compliance with its prohibition of labor in excess of eight hours in a day in two ways. First it requires that certain clauses looking to an observance of its commands must be incorporated in the written contract in order to make it valid. This requirement relates to the *form* and inception of the contract, and if it is violated the defect shows on the face of the instrument. There is no claim that the contract in question here does not comply with these provisions, and, therefore, it was valid at the time of its execution.

Then is found a provision relating to something which must of necessity occur after the contract has been executed. It provides that a contract valid in its inception shall become void and the contractor be barred from recovering any compensation under it if in the course of its performance he shall violate the statute, and this is the provision involved here.

If we take a technical view of this clause and say that it creates a condition subsequent with which the contractor

must comply, it is well settled that it does not rest with the plaintiff to prove as part of his case that he has complied with and has not violated a condition subsequent, but that it rests with the defendant seeking to prove an avoidance of a valid contract by breach of such a condition, to plead the same. (*Redman* v. *Ætna Ins. Co.,* 49 Wis. 431, 436; *Nagle* v. *City of Buffalo,* 34 Hun, 1, 4; affirmed as to this principle, *Reining* v. *City of Buffalo,* 102 N. Y. 308.)

If we define the question in a less technical manner as one whether a party seeking to recover on a contract valid on its face must show that he has not been guilty of such a violation of some general statute as would bar a recovery, we find the rule well settled that he is not compelled thus to do, but that the defendant claiming such violation must plead the same as an affirmative defense. (*Milbank* v. *Jones, supra; Dykers* v. *Townsend,* 24 N. Y. 57, 63; *Crane* v. *Powell,* 139 N. Y. 379, 388; *Hunt* v. *City of New York,* 47 App. Div. 295; *McNulty* v. *City of New York,* 168 N. Y. 117; *Morford* v. *Davis,* 28 N. Y. 481.)

Adopting the conclusion, therefore, that the defendant was bound to plead a violation of the statute as a defense to this action, the final question arises whether its attempt thus to do was successful. It alleged that "The said plaintiff in the manner of performance of the said contract mentioned in said complaint, violated the provisions of the statute of New York in such case made and provided, in that he permitted or required laborers, workmen or mechanics in his employ in doing the said work contemplated by said contract, to work more than eight hours in one calendar day."

The statute which has already been quoted prohibited work during more than eight hours in any one calendar day except in certain emergencies. Thus the prohibition which defendant claims plaintiff violated contained quite a broad and certainly a perfectly well-defined exception, and there seems to be no doubt that the obligation rested

upon defendant in pleading a violation of the statute to negative the application of the exception and allege that plaintiff did not come within the benefits thereof. (*Rowell* v. *Janvrin*, 151 N. Y. 60, 67; *Harris* v. *White*, 81 N. Y. 532.)

Assuming, therefore, for the purposes of the discussion that such facts existed as not only permitted but required defendant under the statute to resist payment of plaintiff's claim, it has failed properly to assert such facts, and is not in a position to take advantage of them.

The application by the defendant on the trial for the privilege to make another amendment to its answer was addressed to the discretion of the trial court and we have no power to review it.

The judgment appealed from should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., CHASE, CUDDEBACK, HOGAN, CARDOZO and POUND, JJ., concur.

Judgment affirmed.