(173 App. Div. 628)

NEW YORK LUBRICATING OIL CO. v. C. E. MILLS OIL CO. et al.

(Supreme Court, Appellate Division, First Department.   July 10, 1916.)

1. FRAUD ☞47—PLEADING—COMPLAINT—SUFFICIENCY.

In an action for damages for deceit, a complaint, alleging that defendants induced plaintiff to sell oil at a lower price than plaintiff would have been willing to sell, if it had not believed the representations to be true, and that after receiving the oil defendants had so altered and tampered with the marks upon the containers as to injure the plaintiff's reputation and value of its trade-marks, and that defendants conspired to induce the plaintiff to sell oil to a fictitious firm under a false representation that it was intended for export to a foreign country, where it was sold in New York, was insufficient, since it did not allege that plaintiff was not paid the price for the oil, or that it sold it for a lower price because it believed it was bought for export, or that the price paid was less than the value of the oil, or less than plaintiff would have charged, had it known it was intended for domestic trade.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 42;  Dec. Dig. ☞47.]

2. FRAUD ☞49—EVIDENCE—ADMISSIBILITY.

In an action for damages for fraud, where there was no cause of action stated in the complaint arising out of the difference in price between oil sold for export and that sold for domestic consumption, testimony with a view to proving that there was such difference was irrelevant, and its reception constituted error. ·

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 44, 45;  Dec. Dig. ☞49.]

3. PLEADING ☞237(5)—LEAVE TO AMEND—LACHES.

After irrelevant testimony has been received under objection and exception, the error cannot be cured by permitting an amendment of a pleading upon the trial to make the evidence relevant.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 606;  Dec. Dig. ☞237(5).]

4. APPEAL AND ERROR ☞1068(3)—REVIEW—HARMLESS ERROR.

Where the plaintiff by its allegations attempted to state a cause of action for damages to its reputation for care and fair dealing, but no such damage is alleged or could arise upon the allegations in the complaint that defendants had substituted figures indicating a quantity of oil in certain containers in excess of that actually contained therein as indicated by the plaintiff in its marking on the containers, there being no claim or proof of actual damage, error of the court in charging the jury that there might be a verdict for punitive damages was cured by the refusal of the jury to find such damages.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4227; Dec. Dig. ☞1068(3);  Trial, Cent. Dig. § 558.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. APPEAL AND ERROR ⬅241—PRESERVATION OF OBJECTIONS—PLEADINGS.
    Where a complaint was defective, and the case full of errors, the court would not permit the judgment to stand, although the defendants, in moving for a dismissal of the complaint for its insufficiency, did not sufficiently raise the question as to which error was to be found.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1413–1416; Dec. Dig. ⬅241.]

Appeal from Trial Term, New York County.

Action by the New York Lubricating Oil Company against the C. E. Mills Oil Company and others. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Judgment and order reversed, and complaint dismissed.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, SMITH, and PAGE, JJ.

Robert B. Honeyman, of New York City, for appellants.
Garrard Glenn, of New York City, for respondent.

SCOTT, J. [1] By the judgment appealed from plaintiff has recovered a substantial sum as damages upon a complaint which alleges no actionable damage whatever. This complaint states, in a somewhat confused way, a number of facts which form parts of two possible, but quite distinct, causes of action, but as to neither of these are there pleaded all of the allegations which would be necessary to make out a complete cause of action for damages.

The plaintiff is a domestic corporation engaged in the manufacture and sale of lubricating oils and greases, put up and sold in containers consisting of barrels, boxes, and cans bearing a trade-mark, trade-names, symbols, and devices, which have been duly registered by plaintiff and which are well known to persons engaged in the trade. Plaintiff alleges that by the care and diligence bestowed by it upon the manufacture of its product it has built up a large and profitable business and enjoys the good will of the consuming community, and that it is necessary for the continued success of plaintiff's business, and its sales under its exclusive and distinguishing trade-marks, trade-names, symbols, and devices, that its customers should continue to believe in the good quality of its oils, and the verity of those markings upon its containers, which purport to represent the quantity of oil contained therein. The defendant and appellant C. E. Mills Oil Company is also a domestic corporation engaged as a retailer in selling oils. The defendant and appellant Henry E. Mills is apparently an officer of said company, although not so alleged to be in the complaint. There were originally two other defendants, viz., Elbert & Co. and August Elbert, who apparently acted as brokers in bringing about the sale hereinafter mentioned. As to these defendants the complaint was dismissed at the trial.

The two causes of action which are hinted at, although not sufficiently pleaded, are: First, that the appellants and Elbert & Co. and August Elbert by false representations induced plaintiff to sell to the Mills Oil Company a quantity of oil at a lower price than plaintiff would have been willing to sell the oil if it had not believed the rep-

resentations to be true; and, second, that said Mills Oil Company and Henry E. Mills, after having received the oil, so altered and tampered with the marks upon the containers as to injure plaintiff's reputation in the trade and the value of its trade-marks, etc., by which said containers were marked. It is alleged that the appellants, conspiring with the other defendants originally sued, to cheat plaintiff, induced it to sell a quantity of oil to a fictitious firm, purporting to trade under the name of W. O. White & Co., under the false representation that said oil was intended for export to a foreign country, whereas in fact the oils were purchased for the defendant Mills Oil Company for sale and distribution in this state, and were shipped to and received by said company at Syracuse and then sold. It is alleged that plaintiff did not intend to sell any oil or grease to any of the defendants, and if it had been properly advised as to the intended destination of the oil it would not have sold it.

These are all the allegations of the complaint tending to establish a cause of action for damages for deceit in inducing the sale. It is apparent that no sufficient cause of action for damages is set up in this portion of the complaint. It is not alleged that plaintiff was not paid the price for which it sold the oil, or that it sold the oil for a lower price, because it believed that it was bought for export, than it would have demanded if it had understood that it was bought for domestic consumption, or that the price paid for the oil was less than the value thereof, or less than the plaintiff would have charged if it had known that the oil was intended for domestic sale. So that every fact which might have shown pecuniary damages to plaintiff, because it was induced to sell the oil upon false representations, were conspicuously absent from the complaint.

The trial justice recognized this defect in the complaint, and consistently held from the beginning that no cause of action was stated on this score. At the very outset, when a motion was made to dismiss the complaint, he held that only one cause of action was stated, and that that was "whatever arises, if any, by reason of the abstraction of quantities of oil from the barrels." There was, in fact, no charge in the complaint that defendants had wrongfully abstracted oils from the barrels, but the court undoubtedly meant to speak of the attempted cause of action which we have denominated "second," which had to do with the re-marking of the barrels.

[2, 3] Notwithstanding the court's clear and correct judgment that no cause of action was stated arising out of the difference in price between oil sold for export and that sold for domestic consumption, a large amount of testimony was received, under proper objections and exceptions, with a view to proving that there was a difference in the price of oil sold for export and that sold for domestic resale. As has been said, no allegation upon this subject is to be found in the complaint, and therefore all such evidence was irrelevant, and its reception constituted error. At the close of plaintiff's case the court, still appreciating the fatal deficiencies of the complaint, suggested to plaintiff's counsel that he should so amend the complaint as to insert an allegation which would make all this irrelevant testimony relevant.

Counsel declined to so amend, and, even if he had accepted the suggestion, it would have been error to allow the amendment, for, after irrelevant testimony has been received under objection and exception, the error cannot be cured by permitting an amendment of a pleading upon the trial, so as to make the evidence relevant. Molloy v. Village of Briarcliff Manor, 217 N. Y. 577–581, 112 N. E. 429. Notwithstanding these deficiencies in the complaint, and the refusal of plaintiff's counsel to so amend it as to meet the views of the court, the jury was specifically instructed that it might find a verdict for plaintiff for the difference between what plaintiff sold the oil for and what it would have sold it for if it had known that it was not to be exported, and the result shows that it was upon this basis that the verdict was rendered.

The suggested cause of action which we have denominated "second" had nothing to do with the price at which the oil was sold by plaintiff. It was alleged that after the oils had been received by the Mills Oil Company it caused to be obliterated certain marks on the containers which had been placed there by plaintiffs to indicate as to each container the number of gallons of oil contained therein, and replaced these marks with different ones indicating a larger gallonage, and thereafter sold the oil, as being of plaintiff's manufacture, to divers persons, firms, and corporations. It is not alleged that the new marks placed on the containers by defendant falsely represented the amount of oil therein contained, but only that the substituted figures indicated "a quantity of oil in said containers in excess of that actually contained therein *as at first indicated by this plaintiff in its markings on the said containers.*"

[4] Apparently the plaintiff, by these allegations, sought to state a cause of action for damages to its reputation for care and fair dealing; but no such damage is alleged, nor is it apparent how any such damage could arise upon the facts stated in the complaint. It is not alleged that plaintiff in any way mutilated or erased plaintiff's trademarks, etc., or that it sold an inferior oil, which it represented to be of plaintiff's manufacture. It may be inferred from the facts stated that some of the Mills Oil Company's customers were charged for more oil than they received, although this is not distinctly alleged; but, if it were so, it was those customers, and not plaintiff, who were damaged. There being neither claim nor proof of actual damage to the plaintiff on this score, the court charged the jury at some length and with emphasis that there might be a verdict for punitive damages. This was error, but was cured by the refusal of the jury to find such damages.

[5] The respondent argues at some length that defendants did not sufficiently raise the question as to which error is to be found. We are of opinion that they did; but, even if they had not, the complaint is so defective and the case so full of errors that we could not permit the judgment to stand. At all events, the defendants omitted no opportunity to move for a dismissal of the complaint for its insufficiency. This motion should have been granted.

The judgment and order appealed from must be reversed, and the complaint dismissed, with costs to appellants in all courts. All concur.