THE BANK OF UNITED STATES, Respondent, *v.* BENJAMIN C. RIBMAN and Another, Individually and as Copartners Doing Business under the Firm Name and Style of RIBMAN & RIBMAN, Defendants, Impleaded with HARRY ANDERSON, Appellant.

First Department, April 12, 1935.

*Harry Bijur* of counsel [*Bijur & Herts,* attorney], for the appellant.

*Charles F. Preusse* of counsel [*Warren C. Fielding, Edward Feldman* and *Edward V. Mallon* with him on the brief; *Carl J. Austrian*], for the respondent.

TOWNLEY, J. This action is brought by the plaintiff on a written guaranty given by the defendant Anderson on May 22, 1930. The complaint sets out that on November 28, 1930, Benjamin and Irving Ribman made and executed a promissory note for $10,700 due December 29, 1930, and that in consideration of the guaranty and in reliance thereon, plaintiff paid value for the note on its delivery. The answer sets up certain denials and an affirmative defense of payment.

At the trial the guaranty was offered in evidence. It was on a printed form prepared by the plaintiff and it reads in part as follows: " For and in consideration of One ($1.00) dollar, the receipt of which is hereby acknowledged, and of your extending credit accommodations, by way of renewal or continuation of any part of existing indebtedness or otherwise to Ribman & Ribman * * * we hereby jointly and severally guarantee to you the payment of any liability of said Borrower to you heretofore, now or hereafter incurred." There was written over the printed parts of the guaranty a limitation as follows: " This guaranty however to be for an amount not exceeding Twelve Thousand Five Hundred Dollars, and to apply only to present indebtedness of said Ribman & Ribman represented by their note bearing the endorsement of the undersigned now held by you."

Manifestly the unpaid note dated six months after the guaranty and for an amount different from the note guaranteed was not evidence (without further explanation) establishing a cause of action on the guaranty. Due objection was made to the offering of this note in evidence when presented. The ground of the objection was that if it was plaintiff's intention to plead a renewal note, it had not done so. Evidence tending to establish such a claim, therefore, constituted a variance between the pleading and the proof.

Objection was also made to the receipt in evidence of a ledger sheet relating to Ribman & Ribman's account on the ground that (1) it was not self-explanatory as establishing even a cause of action on a renewal note, and (2) on the ground that the witness who was interpreting the figures on the ledger sheet was admittedly not interpreting them from his own knowledge but was explaining a written instrument in a manner which might have been correct but which was certainly subject to other interpretations. For example, on the ledger sheet it appears that one Federman had made a continuous guaranty to cover a note for $9,000 and it was also noted on the sheet that the defendant Anderson had made a continuous guaranty to cover a note for $12,500. It is quite apparent that the entry on this ledger sheet in regard to Anderson

was inaccurate in that Anderson's guaranty, whatever be the case with Federman's, certainly was a very limited and not continuous guaranty. There were other points also needing elucidation. In any event, whatever might have been established by the ledger sheet by supporting vouchers or other testimony, because of the state of the pleadings, *at the time it was offered,* it had no probative value. Due exception was taken to the admission of the ledger sheet in evidence and also to the admission of the note itself as having no necessarily probative force in view of the form of the guaranty.

At the end of plaintiff's case, plaintiff's counsel realized the defect in proof and asked for the withdrawal of a juror. The motion was denied. The plaintiff then moved to conform the pleadings to the proof. Defendant's counsel objected but the motion to conform was granted. The plaintiff thereupon rested.

Defendant's counsel then made the following objection: " In the first place, I submit to your Honor that we do not know what they are conformed to. There are no pleadings. They do not state what cause of action they claim to be suing on. The complaint states no cause of action as it now stands. Proof was admitted varying from the complaint, over my objection and exception. They cannot, under the authorities, amend to conform to proof erroneously received over objection. I respectfully ask your Honor to consider that objection before permitting the amendment." This objection was overruled with an exception. The defendant's counsel next made the following request: " I say I do not know what they are suing on. I do not know what they claim their cause of action is. I ask that the alleged amendment be stated on the record and an order be entered as to the amendment so that I may know what I have to meet. I repeat, the complaint as presently constituted states no cause of action, and even if they prove the facts alleged in the present complaint they would prove no cause of action." The court did not rule on this objection but directed a verdict for the plaintiff.

At that point the court was informed that defendant had not yet rested. The direction of a verdict was thereupon withdrawn and the defendant pleaded surprise, saying: " I am not prepared to meet any case different from the complaint as constituted at the opening of this case. If there is any other cause of action I am not aware what it is. It has not been stated. I am not prepared to meet it." The court refused to entertain this objection and refused to direct that the amendment be framed so that the defendant could know what to answer. Defendant's counsel thereupon refused to offer any evidence, saying, with all deference, that

he could neither rest nor proceed since the defendant did not know what the complaint was for.

Without passing at this time as matter of law on the scope of the guaranty or on the effect of any evidence that may be offered on a new trial, we believe that defendant's counsel was entitled to know exactly what amendment was being made before he should be required to offer any testimony that he had in support of his defenses. It has long been the rule that when proof which is offered at variance with the pleadings as they then stand, has been received over timely objection, an amendment to conform to such proof may not subsequently be granted. (*Barnes* v. *Seligman*, 55 Hun, 339; *Molloy* v. *Village of Briarcliff Manor*, 217 N. Y. 577.) In the latter case the Court of Appeals said: " It is a rule superior to the exercise of discretion that a party shall not be thus allowed to have his pleading amended when the result will be to deprive his adversary of a valid objection to the admission of evidence under the pleading as it stood before amendment."

Considering the record as it was at the close of plaintiff's case, in the light of all the objections that had been properly taken, if any amendments were to be permitted in the discretion of the court, it was necessary for the proper understanding of the issue to require plaintiff to reframe its pleadings. By this we do not mean to say that in every case where an amendment is made to conform the pleadings to the proof it would be necessary to go through the form of dictating new pleadings. In most cases such amendments are purely technical and all the parties clearly understand what the amendment means. But under circumstances where the parties are litigating a document like a guaranty, it is essential that the issue be unambiguous. Contracts of guaranty are subject to so many defenses arising out of the doctrine of *strictissimi juris* that it is necessary to have the issue clear in order to understand the applicability of a particular defense. That defendant's objection is substantial cannot be doubted. Even on this appeal plaintiff refused to be specific as to just what amendment it intended to make and on exactly what cause of action it now rests.

The judgment and order should be reversed and a new trial ordered, with costs to appellant to abide the event.

MARTIN, P. J., McAVOY, O'MALLEY and GLENNON, JJ., concur.

Judgment and order reversed and a new trial ordered, with costs to the appellant to abide the event.