STOKES BROTHERS, INC., Respondent, v. CHARLES A. DREFS, JR., and Another, Appellants.

Fourth Department, May 15, 1935.

*Charles A. Drefs, Jr.,* for the appellants.

*Burke & Desmond* [*Thomas C. Burke* of counsel], for the respondent.

CROSBY, J.  Plaintiff brought this action to foreclose a mechanic's lien, demanding $4,842.50.  Defendants counterclaimed for $9,500 for defective workmanship.  The judgment, granted to plaintiff, was derived in the following manner:

| | | |
|---|---:|---:|
| Contract price of house | | $30,054 00 |
| Contract price of garage | | 2,600 00 |
| Extras (twelve items undisputed by defendants) | | 1,061 10 |
| Extras (forty items disputed but allowed) | | 3,418 36 |
| | | $37,133 46 |
| Less payments in cash by defendants | $33,300 00 | |
| Less allowance, by referee, for omissions and defects in work | 1,281 92 | |
| | | 34,581 92 |
| Amount of judgment | | $2,551 54 |

Of the amount allowed to plaintiff $778.31 represents items for extras for which no written orders were given by defendants, although the contract provides for written orders for all extras. The complaint alleges full and complete performance of the contract, and says nothing about a waiver by defendants of the provision for written orders for extras.

Upon the trial plaintiff offered proof of fifty-two extra items of work and materials.  As to twenty-five of these, defendants objected on the ground that they were not supported by written orders.  Then the following colloquy occurred: Plaintiff's counsel said: " I think that written orders can be waived by the parties." Counsel for defendants said: " There is no waiver pleaded, if the

Court please." The referee stated: " I think we better take all the facts and then pass on them when I dispose of the entire case." The referee further said to counsel for defendants: " You have the right to object to the allowance of anything on the ground there is no written order, if such is the fact, * * * I will take the evidence and get all of the facts in regard to the case, and then pass on the merits of the question when I dispose of the entire case." Defendants duly took exception, and it was agreed that without further objections defendants were deemed to have taken exceptions to all evidence of oral waiver of the provision for written orders for extras.

It is doubtless true that defendants could orally waive the provision for written orders, and they would be estopped from taking the benefit of extras orally ordered by them, relying on the contract provision for written orders. (*General Electric Co.* v. *National Contracting Co.*, 178 N. Y. 369; *Dunn* v. *Steubing*, 120 id. 232; *Solomon* v. *Vallette*, 152 id. 147; *Beatty* v. *Guggenheim Exploration Co.*, 225 id. 380, 387.)

The error was in having permitted proof of such waiver under a complaint alleging performance of the contract according to its terms, not waiver of its provisions.

" It is well settled that under an allegation of full and complete performance, evidence of waiver of performance of either covenants or conditions is inadmissible." (*Kelly* v. *St. Michael's Roman Catholic Church*, 148 App. Div. 767.) (See, also, *Granger Co.* v. *Brown-Ketcham Iron Works*, 204 N. Y. 218.)

To be sure, the trial court had a wide discretion to allow the complaint to be amended so as to plead waiver, although it has been said by this court: " Such relief should be granted only when some reason for granting the application is made to appear, or some measure of excuse for failure to put the pleading in proper form within the time prescribed by the statute for that purpose is given." (*Quarantiello* v. *Grand Trunk Ry. Co.*, 145 App. Div. 138.)

The trial dragged through a period of about two years, and no attempt was made to amend the complaint, and then, shortly before the case was decided, plaintiff made a motion, unsupported by affidavits, to conform the complaint to the proofs in regard to oral waivers.

Defendants objected to the amendment, as they had a right to do. Amendment of a pleading should not be allowed to cure errors to which exceptions have been taken.

The following language is taken from the opinion in the case of *Audley* v. *Townsend* (126 App. Div. 431): " A pleading cannot be conformed to the proof when there is objection taken in due

time to the sufficiency of the pleading, or to the admission of the evidence. * * * It is only when no objection is taken, or when at the end of the case, evidence having been received without objection, and the question is then raised, that the trial court is warranted in making an order amending the pleadings to conform to the proofs."

And in *Molloy* v. *Village of Briarcliff Manor* (217 N. Y. 577, 580) it was said: " Of course the decision of the question whether plaintiff's laches in making a motion for an amendment of his pleadings should be overlooked and excused rested entirely in the discretion of the trial judge, but it is a rule superior to the exercise of discretion that a party shall not be thus allowed to have his pleading amended when the result will be to deprive his adversary of a valid objection to the admission of evidence under the pleading as it stood before amendment." (See, also, *New York Lubricating Oil Co.* v. *Mills Oil Co.*, 173 App. Div. 628, and *Lumen Bearing Co.* v. *Mosle*, 221 id. 572.)

Furthermore, defendants not only objected to the amendment of the complaint in a manner to deprive them of the benefit of their valid objections, but asked that, if the amendment were allowed, they be permitted to offer further proof to show that no oral waivers were in fact given by them. And this request was refused, and the referee decided the case without making any ruling upon the objections taken.

We think these errors call for a reversal of the judgment and the granting of a new trial.

There were also some errors in the allowance of extras, regardless of the form of the complaint. A few of these errors will be noted.

Extra item No. 14 (reference being to plaintiff's bill of particulars) was allowed at seventy-five dollars, although plaintiff's own proof was that it was only thirty-five dollars.

Extra item No. 49, allowed at eighteen dollars and ninety cents, was for changing door hinges which plaintiff's own witness admitted " made a noise " and " were not in good adjustment, and they were replaced."

Extra item No. 38 was allowed at nine dollars. This was for six hours' time of a carpenter, at one dollar and fifty cents an hour, in setting two door " checks." Plaintiff's only proof that it took six hours to do the work was that the carpenter " turned in " that much time. These door " checks " or stops are installed by fastening with a few screws. Plaintiff's evidence is that defendants furnished them at their own expense and that plaintiff had one of its carpenters attach them. One of defendants swore that she saw the carpenter do the work and that it engaged his time for twenty

minutes. It is inconceivable that it required anything like six hours for such a trifling bit of work.

Furthermore, considering that plaintiff drew the contracts here involved, and prepared the plans and specifications, we think that several items of extras were allowed on insufficient evidence. Questions were bound to arise as to whether certain things were within the specifications or extras. If they are to be classed as extras and allowed on oral waivers of the provision for written orders for extras, the evidence ought to show with reasonable clearness that defendants consented to regard them as extras and agreed to pay for them.

Let us look at the proof to support the claim of oral consent to some of the extras. Take extra items Nos. 19, 20 and 22, that refer to work in connection with the electric wiring. Plaintiff's witness says that he had a talk with defendants about a " transformer house, tin-clad door for same and building same." Defendants claim that these things were included in the contract and are not proper extras. Plaintiff's only proof to support a claim that defendants consented to treat these items as extras is as follows: " Q. Tell us what talk you had. A. The transformer house had to be built. Mr. Drefs talked it over with me and told me to build it. I cannot tell the exact words."

Upon this testimony three extra items, of seventeen dollars and forty cents, seventy-five dollars and sixty-five dollars and fifty cents, were allowed, a total of one hundred and fifty-seven dollars and ninety cents.

Extra item 46 was allowed at sixty-two dollars and forty cents. It relates to a mantel over a fireplace in a basement playroom. A claim could possibly be made that a mantel is a regular part of a fireplace. Yet the allowance of this item rests on this testimony of plaintiff's witness: " A. I advised him to put the mantel in while the brick work was going on. * * * Q. What did he say about doing it? A. He said to do it."

One more illustration will serve our purpose. Extra item No. 29 is one of those unsupported by a written order, and here is the only proof to support an oral waiver: " Q. Did you have any talk with Mr. Drefs in regard to that. A. Yes, and I advised it. Q. What did he say? A. He said to do it." And forty-seven dollars and one cent was allowed.

We think that more convincing proof should be given to support a finding that defendants, after contracting for written orders for all extras, orally ordered these extras and agreed to pay for them.

Furthermore, we think that, upon the present record, the referee's refusal to allow certain of defendants' claims, arising from defective

workmanship, is against the weight of the evidence. It must be admitted that the personal view of the premises by the referee, with the consent of the parties on both sides, adds strong support to any finding that is otherwise supported by competent evidence, but findings based on a such view of the premises are not conclusive against all other evidence. (*Haber* v. *Paramount Ice Corp.*, 264 N. Y. 98.)

The floors laid by plaintiff in defendants' house were none too good for a $30,000 house. Defendants' expert, Hill, an architect, testified that it would cost $875 to make the floor conform to the specifications which called for " Clear oak " flooring. Even the expert for plaintiff, a builder named Everitt, admitted that there were some " small defects " in the floor. The referee refused to allow anything for defects in the flooring, stating, in his opinion: " We think the floors good with some slight corrections, the cost of which is not shown. * * * The Referee is furnished with no data * * * as to damages." Possibly defendants' witness exaggerated the damage, but damage was shown, and the amount estimated.

The referee refused to allow anything for plaintiff's failure to provide sufficient head room in the stairway into the grill room, although plaintiff's own witness, Everitt, stated: " It should be raised about two inches."

We are also of opinion that, on the present record, the weight of the evidence favors the conclusion that plaintiff built the garage so that the floor was considerably too low, with the result that water runs into the garage whenever it rains, or snow melts. No allowance to defendants was made for this.

We do not attempt to predict what will be shown on another trial. But, upon this record, we think that plaintiff was allowed some extras upon insufficient evidence, and that the disallowance of some, at least, of defendants' claims, based on defective workmanship, was against the weight of the evidence.

The principal ground for reversing the judgment, however, is that proof of oral waivers of written orders for extras was permitted under a complaint that alleged performance of the contract, not waiver of its provisions.

It is a matter for regret that a new trial must be had in this case. The referee made a personal inspection of the premises. The record does not and cannot disclose what he discovered upon such inspection. It is impossible for this court, out of the mass of conflicting evidence, and in view of the referee's personal inspection of the premises, to make new findings, upon which a modified judgment can be based.

For the reasons stated, the judgment should be reversed on the law and the facts and a new trial ordered, with costs to the appellants to abide the event.

The order of the referee allowing the plaintiff to amend its complaint should be reversed and the motion denied without prejudice to the right to renew the motion at Special Term.

The appeal from the order denying defendants' motion to reopen the case to make proof to meet the new issue created by plaintiff's amended complaint, and the appeal from the order awarding plaintiff an extra allowance of costs, become academic and should be dismissed, without costs.

The order allowing fifty dollars to W. B. Sumner, referee, should be affirmed, without costs.

All concur. Present — SEARS, P. J., EDGCOMB, THOMPSON, CROSBY and LEWIS, JJ.

Judgment reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event. Certain findings of fact disapproved and reversed. Order amending complaint reversed, without costs, with leave to renew at Special Term. Appeals from orders denying defendants' motion to open case and granting an additional allowance of costs dismissed as academic. Order allowing fifty dollars to W. B. Sumner, as referee, affirmed, without costs.